KENNON, Judge.
This is a suit for the recovery of damages sustained by plaintiff’s automobile in a collision with a vehicle owned and operated by defendant’s insured. An exception of no cause or right of action was interposed by defendant, sustained by the Judge of the District Court, and judgment rendered pursuant thereto dismissing plaintiff’s suit at his cost. From this judgment plaintiff has appealed.
The exception is based upon the claim that the petition fails to allege (1) negligence on the part of R. L. Gardner, the insured, who was the owner and operator of the automobile involved in the collision with plaintiff’s car, and (2) that any act of the said Gardner was the proximate cause or contributed to the collision. It is further argued that the petition fails to set forth any facts demonstrating such negligence and proximate cause.
We quote that portion of the petition which contains all of the allegations bearing upon the facts surrounding the accident, as- follows:
“That on December 11, 1949 petitioner was driving his 1946 Ford Tudor automobile east on Sixth Street in Arcadia, Bien-ville Parish, Louisiana, at a speed of approximately twenty miles per hour when he was involved in a collision at the intersection of Sixth Street and North Myrtle Street in Arcadia, Bienville Parish, Louisiana with an Oldsmobile Sedan owned and operated by R. L. Gardner and insured by the defendant as hereinabove set forth.
“Petitioner shows that Sixth Street has been designated as a right-of-way street by the Mayor and Board of Alderman of the Town of Arcadia, Bienville Parish, Louisiana by Ordinance No. 917 of 1948 passed on December 7, 1948, which ordinance further provides that all vehicles driving on said right-of-way street shall have preference over vehicles or persons travelling on any other connecting street in the Town of Arcadia.
“That as petitioner was about to enter the intersection of Sixth Street with *767 North Myrtle Street he saw the Oldsmobile automobile driven by R. L. Gardner travel-ling north on North Myrtle and at that time approximately twenty feet south of said intersection and travelling at a speed between forty and fifty miles per hour.
“That upon seeing the Oldsmobile driven by said R. L. Gardner petitioner applied the brakes on his automobile but was unable to bring same to a stop before the Oldsmobile entered the intersection and collided with petitioner’s automobile, the left front of the Oldsmobile driven by R. L. Gardner striking the right front of petitioner’s car with such force that petitioner’s car was turned to the left so that it was heading north on North Myrtle and the Oldsmobile also struck the right rear of petitioner’s car after same was turned to face a northerly direction on North Myrtle Street.”
The above allegations are indefinite and are lacking in detail, and doubtless the iCourt would be justified in sustaining an exception of vagueness. However they are suffiCent to support proof that Sixth Street, upon which plaintiff' was allegedly riding at • the time of the accident, was a designated and marked right-of-way street of the town of Arcadia, Louisiana, and that the offending Oldsmobile was driven from the less favored North Myrtle Street into the right-of-way street at a time when plaintiff had already entered this intersection. The proof of these two facts would be sufficient basis for a judgment against defendant. Cole v. Sherrill, La.App., 7 So.2d 205.
In passing upon exceptions of no cause or right of action, the Courts of Louisiana have followed the' rule that doubts as to the rights of a plaintiff to recover should be resolved in favor of the sufficiency of the petition, and unless the petition clearly discloses a lack of a cause of action, the exception should be overruled. Waggoner v. City of Minden, La.App., 9 So.2d 244.
Defendant has cited the case of Lewis v. Jeffress, La.App., 3 So.2d 477, which we concede is authority for the proposition that the plaintiff in a tort action must specifically allege that the defendant was negligent and must set forth the specific act or acts of negligence through which he expects to hold the defendant liable, and that it is not enough for the plaintiff in a tort action to allege in general terms that the accident was caused solely through the negligence of the defendant. This rule is not applicable here for the reason that, resolving doubts in favor of the sufficiency of the petition, the quoted paragraphs charge the defendant specifically with entering the intersection from a less favored street at a time when the plaintiff had come into same from the right-of-way street.
The judgment appealed from is reversed and the case is remanded to the District Court for further proceedings in accordance with law. Costs of appeal to be paid by appellee; other costs to await the final outcome of the litigation.
HARDY, J., dissents and assigns written reasons.