ELLIS, Judge.
The plaintiff filed this suit against the defendant in which he is seeking rent for *83 four railroad jacks, blocks and boards at $5 per day from October 26, 1953, and he further prays that the defendant be ordered to return the articles or the value which he alleges is $200.
The defense to this suit is that the defendant borrowed only two railroad jacks from the plaintiff who asked him to keep them and try and sell them for him. The defendant further alleged that on or about November 25, 1953 he took the two railroad jacks and went to the Deputy Sheriff of Evangeline Parish to deliver them to the plaintiff, but that he refused to accept them. The defendant in reconvention alleges that he is entitled to storage for the two jacks at the rate of $1 per day from October 26, 1953 and he is further entitled to a judgment for $20 for money owed him by the plaintiff.
The case was tried and resulted in a judgment ordering the defendant to return instanter the two railroad jacks in his possession and belonging to the plaintiff together with the blocks and other accessories which form the basis of this suit at defendant’s expense, and judgment was further rendered in favor of the plaintiff in the sum of $20. Judgment was further rendered in favor of the defendant, plaintiff in reconvention, in the sum of $20 “in payment of the amount claimed due him by the plaintiff in said reconvention.”
From this judgment the plaintiff was granted a devolutive appeal.
This case presents purely a question of fact and the testimony will therefore be briefly reviewed.
The plaintiff and his wife testified positively that the defendant obtained four railroad jacks and accessories from- them on October 26, 1953, and that they ordinarily rented this equipment for $1 per day per jack, and when they took everything, that is, the four jacks and accessories the rent was $5 per day.
It is admitted that the defendant attempted to return two jacks but the plaintiff refused to accept them because he stated that he was entitled to four jacks.
The plaintiff offered the testimony of other witnesses to substantiate the usual rental they received for the jacks. It is also shown by Morris Vidrine, a neighbor of plaintiff, that the latter owned four jacks which he rented for $1 per jack per day, but that he has not seen them since the end of October.
A Deputy Sheriff testified that the plaintiff appealed to him to get his four jacks back from the defendant, but that when he talked to the latter no mention was made of whether.it was two or four jacks. He also testified that the defendant told him the plaintiff had told him to take the jacks, use them and if he could find a sale for the jacks, sell them and pay himself the $20 plaintiff owed him, and he was then to give the rest of the money to the plaintiff.
Plaintiff introduced the testimony of his neighbor, Smith, who testified he saw three Negro men at the plaintiff’s home, loading four jacks.
Defendant admitted that he sent these men to pick up two jacks. Defendant testified that he needed the two jacks to straighten a building and that he spoke to the plaintiff who agreed that he could use the two jacks and try to sell them, and that the plaintiff did not mention any rental. He testified that plaintiff owed him $20 and in this he was corroborated by one witness. The plaintiff denied owing him anything. The defendant sent the Negro to plaintiff’s house with instructions to get two railroad jacks and blocks which he said they did, and which the Negroes say they did. In other words, the defendant and the Negroes deny ever getting four jacks.
Nelson Fontenot testified on behalf of the defendant that he straightened the defendant’s saloon building which took him approximately six hours, and that he used two jacks but that he did not know where the jacks came from. He also testified that he only saw two jacks.
*84 The testimony is fairly well balanced on the question of the number of jacks the defendant obtained from the plaintiff. In other words, if you take the plaintiffs testimony he got four jacks and if the defendant’s, two jacks. As to the $20 judgment in favor of the defendant on his re-conventional demand, this was corroborated by one witness and evidently the trial judge who saw and heard the witnesses believed that the plaintiff was indebted to the defendant.
The award of $20 for the use of the two jacks cannot be said to be manifestly erroneous. Finding no manifest error in the judgment, it is hereby affirmed at the cost of the appellant.