86 So.2d 226 (1956)
Theresa LUSCO, Plaintiff-Appellant,
v.
Queenle Scroggs McNEESE, Defendant-Appellee.
No. 4177.
Court of Appeal of Louisiana, First Circuit.
March 20, 1956.
*227 Talley, Anthony & Johnson, Bogalusa, for appellant.
Henry N. Richardson, Bogalusa, France W. Watts, Jr., Franklinton, for appellee.
TATE, Judge.
This suit is to recover three counters and a stainless steel coffee urn hood allegedly removed by defendant from plaintiff's premises. Plaintiff appeals from judgment sustaining an exception of no right and cause of action.

1. Motion to Dismiss the Appeal.
Defendant-appellee moved to dismiss the appeal because: (a) the original petition filed herein did not allege the value of the movable property involved in this suit; (b) the record reflects that prior to the present appeal, on April 12, 1954, appellant moved for and was granted a devolutive appeal to the 22nd Judicial District Court.
As to the latter point, "It is well settled that an order of appeal has no effect unless the appeal bond required as a condition on which the order is granted is filed within the time required by law for taking an appeal (cases cited)", Bannister v. Chisesi & Longo, La.App., 5 So.2d 145, at page 147; and the record indicates that no bond was filed perfecting the former appeal.
The Courts of Appeal have jurisdiction of appeals from city courts where the amount in dispute exceeds one hundred dollars, exclusive of interest; if a lesser amount is involved, the appeal is returnable to the appropriate District Court; Article VII, § 51, Louisiana Constitution of 1921, LSA; see also LSA-R.S. 13:2091, subd. E regulating appeals specifically from Bogalusa City Court.
In appeals from District Courts, "the Courts of Appeal as courts of general appellate jurisdiction must accept jurisdiction of all appeals unless the record affirmatively shows appellate jurisdiction in the Supreme Court", Gaylord Container Corporation v. Stilley, La.App. 1 Cir., 79 So.2d 109, at page 110. Whether or not we are under the same duty to accept appeals from city courts unless the record affirmatively indicates the appeal should be returned to the district court, the present record contains a verified amended and supplemental *228 petition presented to the lower court in connection with petitioner's application for rehearing which shows the property involved to have a value of $295, or within our jurisdictional amount. The motion to dismiss the appeal is denied.

2. On the Merits.
The allegations and prayer of plaintiff's original petition herein are as follows, in full:
"The petition of Theresa G. Lusco, of legal age and a resident of Bogalusa, Washington Parish, Louisiana, with respect unto this Honorable Court represents that:

I.
"Queenie Scroggs McNeese, of legal age and a resident of Bogalusa, Washington Parish, Louisiana, formerly occupied the property of your petitioner at 510 Columbia Street wherein she ran a restaurant.

II.
"The said defendant, Queenie Scroggs McNeese, unlawfully removed three counters and one stainless steel hood used for the coffee urn from the said premises.

"Wherefore, petitioner prays that defendant herein be duly cited according to law that a copy of this petition be served on her and that after legal delays elapse and due proceedings that there be judgment decreeing plaintiff, Theresa G. Lusco, the lawful owner of the three counters and the stainless steel hood used for the coffee urn and ordering the defendant, Queenie Scroggs McNeese, to return the said counters and stainless steel hood, for all general and equitable relief in the premises and for all costs of this suit." (Italics ours.)
Defendant's answer was a general denial.
At the trial on April 12, 1954, after two questions to the first witness (defendant called as of cross-examination), defendant objected to further questioning and filed an exception of no right and no cause of action, which was sustained and judgment signed the same date.
Defendant-appellee argues that this action must be a possessory or petitory action since for the ownership or possession of property, and that therefore plaintiff has no cause of action herein (where movable property is concerned) since these actions are by definition restricted to "claims made on immovable property", Article 4, C.P.; see also Articles 5, 6, 60, C.P.
To the contrary, of course, since the subject matter herein is movable property, this action cannot possibly be a real action (possessory or petitory or otherwise.) "Actions tending to recover an immovable, or a real right, or an universality of things, such as an inheritance, are considered as real; while actions for the recovery of a movable or of a sum of money, though accompanied with a mortgage, are not real actions", Article 12, Code of Practice. (Italics ours.)
Among the multitudes of cases concerning recovery of movable property allegedly improperly retained by another, are the following in which the lawful owner recovered possession of the property from the possessor, Donnell v. Gray, 215 La. 497, 41 So.2d 66, (oil well equipment); Fontenot v. Johnson, La.App. 1 Cir., 77 So.2d 82, (two railroad jacks); Schutzman v. Munson, La.App. 1 Cir., 51 So.2d 125 (cows and calves); Crain v. Crain, La. App. 1 Cir., 29 So.2d 404 (mule.)
Defendant-appellee further urges that the exception of no cause of action was properly sustained because the petition did not allege that plaintiff was the owner of the movable property allegedly removed by defendant from premises owned by plaintiff, and recovery of which is sought herein.
Although plaintiff's original petition above set forth may not be artistically drawn and was probably subject to an exception of vagueness, we believe evidence is admissible under the allegations thereof *229 to prove that defendant took certain movable property belonging to plaintiff from plaintiff's building. "In passing upon exceptions of no cause or right of action, the Courts of Louisiana have followed the rule that doubts as to the rights of a plaintiff to recover should be resolved in favor of the sufficiency of the petition, and unless the petition clearly discloses a lack of a cause of action, the exception should be overruled." Meadows v. Preferred Accident Insurance Co., La.App., 49 So.2d 765, at page 767; see also, Johnson v. Graham, La.App., 35 So.2d 278; Columbia Oil Co. v. Police Jury of Natchitoches Parish, La. App., 194 So. 91.
Defendant is protected from surprise by the availability of discovery procedure, as well as of the exception of vagueness. Uncertainty and vagueness of the petition's allegations "cannot be availed of by exceptions of no cause and no right of action." Moore v. Moore, 192 La. 289, 187 So. 670, at page 672. "An exception of no cause of action cannot be made to serve the purpose of an exception of vagueness". Fishman v. Conway, La.App., 57 So.2d 605, at page 606.
In our view, appellant is likewise correct that insofar as the exception of no cause of action was founded upon the vagueness or generality of the petition, it was a peremptory exception relating to form, under Article 344 Code of Practice, rather than one founded on law under Articles 345, 346, C.P.; see Sollie v. Means, La.App., 58 So.2d 286. While the latter may be filed at almost any stage of the proceedings, Article 344, C.P. provides:
"Peremptory exceptions relating to forms, are those which tend to have the cause dismissed, owing to some nullities in the proceedings.

"Such exceptions must be pleaded in limine litis, that is to say, at the beginning of the suit, and before answering to the merits.

"After the defendant has pleaded to their merits, such exceptions shall not be heard; all nullities are cured." (Italics ours.)
After the trial court sustained the exception of no cause of action, plaintiff applied for rehearing and urged strongly that she be permitted to file an amended and supplemental petition amplifying the allegations of the petition and more clearly stating her cause of action, which petition was prepared and verified and offered to the trial court.
Even were the exception of no cause of action timely filed and proper, as our late distinguished predecessor Judge Doré stated, "it is now well established that amendments to petitions should be allowed in order to protect substantive rights when the original petition failed to state a cause of action because of insufficient allegations. Reeves v. Globe Indemnity Co., 185 La. 42, 168 So. 488, Douglas v. Haro, 214 La. 1099, 39 So.2d 744". Doyle v. Thompson, La.App. 1 Cir., 50 So.2d 505, at page 509; also Bourgeois v. Le Blanc, La.App., 72 So.2d 777. Contrary judgments of the trial courts sustaining exceptions of no cause of action were overruled in these cases.
For the above and foregoing reasons, the judgment of the City Court sustaining defendant's exception of no right and cause of action is reversed, and the cause is remanded to the City Court of Bogalusa for further proceedings according to law and not inconsistent with the views herein expressed. Defendant-appellee to pay all costs of this appeal; all other costs to await final determination of these proceedings.
Reversed and remanded.