JANVIER, Judge.
Plaintiffs, Mr. and Mrs. Joseph B. Brig-nac, have appealed from a judgment dismissing, on exception of no cause of action, their suit as against Kossuth Fontenot one of the defendants and, on exception of no right of action and a plea of prescription of one year, the suit as against Walter Johnson, the other defendant.
The suit is one sounding in damages and results from an automobile accident in which the car of plaintiffs, in which they were riding and which was driven by Mr. Brignac, crashed into the rear of another vehicle which was being towed along the highway and which, when the tow-line broke, was brought to a sudden stop in front of plaintiff’s car.
The petition alleges that the driver of the towed car was the defendant, Kossuth Fon-tenot, and that the accident resulted from negligence on the part of Fontenot in “failing to have either headlights or tail lights on.” May we say as this point that the accident is alleged to have happened at 8:55 o’clock in the morning and we see no reason for lights at that time. It is also alleged that Fontenot failed to give warning of his intention to stop; that he failed to pull over to the shoulder of the road when the tow-line broke; that he was negligent in applying his emergency brake, and in stopping the vehicle suddenly without warning.
The suit as against Fontenot was filed on January 14, 1954, the accident having occurred on June 28, 1953. On September 14, 1954, which was considerably after the expiration of one year from the date of the alleged accident, plaintiffs filed a supplemental petition in which they alleged that Walter Johnson, who had been operating the towing car, was negligent in that he was “towing a vehicle on the public highway without proper precaution or identification,” and in that he parked his vehicle “on the highway without setting out any warning signals and without attempting to flag down oncoming traffic.”
By a stipulation of all counsel the exceptions and the plea of prescription were “referred to the merits”, but when the matter was called for trial, before any evidence was taken, the District Judge, after hearing argument, maintained the exceptions of no cause of action and the plea of prescription, and dismissed the suit of both plaintiffs as to both defendants. From this judgment plaintiffs have appealed.
We first consider the plea of prescription of one year which was filed by the defendant, Walter Johnson. Counsel for plaintiffs maintain that the plea of prescription is not well founded for the reason that, if the allegations of the several petitions are correct, Johnson, who was made defendant in the supplemental petition, and Fontenot, who was made defendant in the original petition, were joint tort-feasors and, consequently, if liable at all, are liable as solidary obligors, with the result that the filing of the suit as against Fontenot had the effect of interrupting prescription as to Johnson.
LSA-Civil Code, Article 2097 provides as follows:
“A suit brought against one of the debtors in solido interrupts prescription with regard to all.”
And similarly LSA-Civil Code, Article 3552 provides in part that:
*68 “A citation served upon one debtor in solido, or his acknowledgment of the debt, interrupts the prescription with regard to all the others and even their heirs.”
These codal provisions have been so well recognized and so often applied that discussion of them is entirely unnecessary, but counsel for Johnson, conceding this, argue that even if the allegations of the several petitions are true, Johnson and Fontenot were not actually joint tort-feasors since the acts of negligence which are charged against the one are not the same acts of negligence which are charged against the other. This is true of. almost all cases where an accident results from a collision of two or more vehicles and some third person is injured. The negligence charged against one of the drivers is not the negligence which is charged against the other, and yet it is well established that in such cases the suit against one interrupts prescription as against the other.
In Abrego v. Tri-State Transit Co., 22 So.2d 681, 682, the Court of Appeal for the First Circuit said:
“ * * * It is well settled that where the negligence of two or more persons combines to cause an injury to a third person, all of the persons whose negligence concurred in and contributed to the injury are liable in solido, and the plaintiff in such a case is not concerned with the question of the degrees of negligence as between the codefendants, or their respective rights inter sese. On this point, what we said in the case of Falgout v. Younger, 192 So. 706, 711, is appropriate to this case: ‘If the negligence of the drivers of the two trucks in this case combined to bring about the accident, a third person, without fault, as plaintiff was in this case, has a right to collect his full damage from any or all the defendants. We are forced to the conclusion that the combined negligence of the drivers of both trucks brought about the accident — that of Hebert in creating an unlawful obstruction in the road thereby blocking traffic without giving the proper signals, and that of Bourg in driving into this hazard at too fast a speed and in failing to have his car under control. Where a defendant is responsible for one of two or more proximate causes of an injury, he cannot escape liability because a third person is responsible for a concurrent proximate cause.’ ”
Our conclusion is that, if the allegations are well founded, Johnson and Fontenot are joint tort-feasors and, if liable, would be solidary obligors. Therefore the prescription was interrupted as to all defendants by the filing of the suit against one.
When we come to consider the exceptions of no cause of action filed by both Fontenot and Johnson, we find them based on the theory that, whenever a following vehicle crashes into another which has stopped on the road ahead, the driver of the following vehicle must have been at fault and that, consequently, whatever may have been the fault of the operator of the vehicle which was brought to a stop, the negligence or contributory negligence of the driver of the following vehicle would prevent recovery by him for damage to his car or for physical injury sustained by him.
It is true that in practically all such cases it has been held that the driver of the following vehicle was at fault, and counsel for exceptors direct our attention to LSA-R.S. 32:234, subd. A which is cited in Coleman v. Shreveport Railways Company, La. App., 86 So.2d 590, and which reads as follows:
“The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway.”
*69 And counsel for exceptors point out that, according to the allegations of plaintiffs, Brignac was operating his car at a speed of approximately 45 miles per hour, whereas the vehicle ahead was being towed at a speed of only 20 miles per hour, and they show that in spite of the fact that Brignac was operating his car at a speed considerably higher than that of the car ahead, he had approached to within 50 feet of the car ahead when the accident occurred. Counsel say that this in itself shows negligence on the part of Brignac and that it is obvious that this negligence was the proximate cause of the accident.
Counsel overlook the fact that it is alleged that Brignac was approaching the car which was ahead in an attempt to pass it and, therefore, that it was necessary for him to he operating his car at a speed somewhat in excess of that of the vehicle ahead, and that it was also necessary for him to allow his car to decrease the distance which separated them so that he might pass around the car ahead as he intended to do. It might have been considered negligence for him to operate his car at a speed of 45 miles per hour and to approach the other car within 50 feet had he intended to stay in the same lane in which the other car wís being operated.
Counsel for exceptors attempt to answer this argument by showing that the highway had four traffic lanes and that, therefore, since two of the lanes were devoted to traffic proceeding in the direction in which Brignac was proceeding, there was no necessity for him to allow his car to remain in the same lane in which the car ahead was being operated. All of these arguments may be well founded and it may be that, after a trial on the merits, it may appear that there was no fault in either Fontenot or Johnson and that there was fault in Brignac. In passing, may we say that the charges against Johnson appear to be so sketchy and ephemeral that it is almost impossible to anticipate that it can be shown that Johnson was at fault. Still, as we read the allegations of the several petitions we do not see that they affirmatively show that Brignac was himself at fault, nor do they affirmatively show that either Fontenot or Johnson was not at fault.
In Meadows v. Preferred Acc. Ins. Co. of New York, 49 So.2d 765, 767, the Court of Appeal for the Second Circuit said:
“In passing upon exceptions of no cause or right of action, the Courts of Louisiana have followed the rule that doubts as to the rights of a plaintiff to recover should be resolved in favor of the sufficiency of the petition, and unless the petition clearly discloses a lack of a cause of action, the exception should • be overruled. Waggoner v. City of Minden, La.App., 9 So.2d 244.”
To the same effect see Lusco v. McNeese, La.App., 86 So.2d 226.
And we think it now well established that an exception of no cause of action should not be maintained unless the allegations affirmatively show that the plaintiff himself was at fault or affirmatively show that the defendant was not at fault. The Supreme Court laid down this rule in Arata v. Orleans Capitol Stores, 219 La. 1045, 55 So.2d 239,242:
“It is also well settled, however, with respect to such issue, that inasmuch as a plaintiff is not required to negative contributory negligence in his petition the exception should not be maintained unless the alleged facts establish affirmatively the existence of negligence on his part proximately causing the accident. To warrant the upholding of the exception, in other words, it is necessary that the allegations exclude every reasonable hypothesis other than that the proximate cause of the accident was negligence of the plaintiff. Gibbs v. Illinois Central Railroad Co., 169 La. 450, 125 So. 445; Burmaster v. Texas Pacific-Missouri Pacific Terminal Railroad of New Orleans, La.App., 174 So. 135; Pittman *70 v. Gifford-Hill & Co., Inc., La.App., 188 So. 470; West v. Ray, 210 La. 25, 26 So.2d 221; Dodge v. Bituminous Casualty Corporation, 214 La. 1031, 39 So.2d 720.”
All of the cases on which exceptors rely, which hold that the driver of the overtaking vehicle cannot recover, are based on the well founded theory that the driver of the said overtaking vehicle was himself guilty of contributory negligence. None of them was based on the theory that there was no negligence in the operator of the car which was allowed to remain standing on the highway, or which was brought to a sudden stop.
In fact, the traffic highway regulatory statute itself requires that if a vehicle is stopped on the highway a signal must be given. Note the following in LSA-R.S. 32:236, subd. A:
“The driver of any vehicle upon a highway of this state, before starting, stopping or turning from a direct line shall first see that such movement can be made in safety * * *; and, whenever the operation of any other vehicle may be affected by such movement, shall give a signal as required in this Section, plainly visible to the driver of such other vehicle, of the intention to make such movement.”
Surely, from the allegations of this petition it cannot be said that the plaintiffs themselves have shown that the defendants are free of negligence. It may be that the allegations are inartistically drawn and that they are vague, but if so, exceptors should have forced amendments by exceptions of vagueness.
In Lusco v. McNeese, supra [86 So.2d 228], the Court suggested that if a petition is inartistically drawn, it is “probably subject to an exception of vagueness” but should not be dismissed on an exception of no cause of action.
We thus conclude that even the suit of Brignac himself should not have been dismissed on an exception of no cause of action and we are even more certain that the suit of Mrs. Brignac should not have been dismissed for the reason that if there was negligence on the part of either defendant and that negligence had any causal connection with the accident, then contributory negligence of Brignac, if there was contributory negligence, would not be imputed to Mrs. Brignac. Our Supreme Court, after a lengthy discussion, first established this rule in Vitale v. Checker Cab Co., 166 La. 527, 117 So. 579, 59 A.L.R. 148, and in a much later expression, again announced that rule. In Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292, 293, the Court said:
“The record discloses, and in fact it is not seriously disputed, that Mr. Kientz was guilty of negligence, but his negligence cannot be imputed to plaintiff, his wife. And if the negligence of defendant’s driver contributed to the accident, she is entitled to a recovery against defendant.”
. Our conclusion is that the plea of prescription and the exceptions of no cause of action should not have been maintained.
Accordingly, the judgment appealed from is annulled, avoided and reversed and the matter is remanded to the Twenty-ninth Judicial District Court for the Parish of St. John the Baptist for further proceedings consistent with the views herein expressed and according to law.
Reversed and remanded.