CULPEPPER, Judge.
This case arises out of an accident which allegedly occurred on December 24, 1957, when an automobile in which one of the plaintiffs was a passenger drove into a ditch at the T-type intersection of Delaware and Brady Streets in the City of Baton Rouge. The original petition herein was filed on December 19, 1958 against the City of Baton Rouge and its alleged insurer, Maryland Casualty Company, charging the City with negligence in failing to maintain proper and adequate safe guards to inform motorists of the dead-ending of the street. Maryland Casualty Company was named as a defendant on the belief and allegations that it had issued a liability policy but in their brief to this Court counsel for the plaintiffs state that it has since been satisfactorily determined that no such policy existed and now Maryland Casualty Company is for all intents and purposes no longer a defendant.
On January 6, 1959 the City of Baton Rouge, filed an exception of no right or cause of action based upon the provisions of Section 3.01 of the plan of Government for the City of Baton Rouge and Parish of East Baton Rouge, which transfers from the City to the Parish all responsibility for the construction, maintenance and repair of streets located within the city.
On January 16, 1959, which was over one year after the date of the accident, plaintiff filed a supplemental and amending petition naming the parish as an additional defendant and alleging that the City and the Parish were jointly negligent and therefore liable in solido. In the alternative, and in the event the City is found to be free of liability, plaintiff alleges that the filing of the original petition interrupted prescription against the Parish because the City and the Parish have the same offices, same executive officers, same telephones, same council members and same department of public works.
The Parish of East Baton Rouge then filed a plea of prescription.
The trial judge, giving brief written reasons, sustained both the exception of no cause or right of action and the plea of prescription and rendered judgment dismissing plaintiff’s suit. From this judgment plaintiffs have appealed.
In oral argument before this Court counsel for the plaintiffs announced that he *112 abandoned his contention that the City of Baton Rouge is in anywise responsible for the construction, maintenance or repair of the streets, in view of the recent case of Brantley v. City of Baton Rouge, La.App., 98 So.2d 824, 828, in which this Court held as follows:
“It is clear under Sections 3.01 and 3.02 (Plan of Government of Parish of East Baton Rouge and City of Baton Rouge) that the City of Baton Rouge no longer has any authority insofar as the sidewalk construction or repair of same were concerned, as this authority was made exclusive by the quoted section. * * * Therefore, if the exclusive authority to deal with the sidewalk is in the Parish of East Baton Rouge, then there can be no liability insofar as the City of Baton Rouge is concerned, as there is no duty upon the City of Baton Rouge.”
However, able counsel for the plaintiffs contend that street maintenance is not the sole question to consider in deciding whether the City has any liability in this case. Counsel calls attention to that portion of Section 3.01 of the City-Parish Plan of Government which leaves with the City the obligation to supply street lighting and regulate traffic. In Article 4 of their original petition plaintiffs allege that immediately to the north of the dead-end of Delaware Street, where this accident occurred, there is an open space or school yard and beyond the school yard Delaware Street opens up again and goes north. Then paragraph 5 of this petition alleges as follows:
“As one drove north on Delaware Street on the night of December 24, 1957, in the vicinity of where said accident occurred, there were lights on and across the cleared space north of Brady Street which made it appear that Delaware Street continued across Brady Street and across the cleared space north thereof.”
If these lights located beyond the dead-end of Delaware Street were so placed there by the City as to make it appear that Delaware Street continued across Brady Street, then it might very well be that the City was negligent in the way it placed and maintained street lights. We are well aware that paragrapn 5 of the petition does not allege that these were street lights placed there by the City and these allegations may be susceptible to an exception of vagueness but not to an exception of no cause of action. See Brunson v. Mutual Life Insurance Company of New York, 189 La. 743, 180 So. 506, and Moore v. Moore, 192 La. 289, 187 So. 670, which hold that vagueness and uncertainty in the allegations of a petition may subject it to an exception of vagueness but not to an exception of no cause of action.
In Meadows v. Preferred Accident Insurance Company of New York, La.App., 49 So.2d 765, 767, the Court of Appeal for the Second Circuit said:
“In passing upon exceptions of no cause or right of action, the Courts of Louisiana have followed the rule that doubts as to the rights of a plaintiff to recover should be resolved in favor of the sufficiency of the petition, and unless the petition clearly discloses a lack of a cause of action, the exception should be overruled. Waggoner v. City of Minden, La.App., 9 So.2d 244.”
To the same effect see the case Lusco v. McNeese, La.App., 86 So.2d 226.
In the recent case of Brignac v. Fontenot, 96 So.2d 66, 70, the Orleans Court of Appeal said:
“Surely, from the allegations of this petition it cannot be said that the plaintiffs themselves have shown that the defendants are free of negligence. It may be that the allegations are inar-tistically drawn and that they are vague, but if so, exceptors should have forced amendments by exceptions of vagueness.
“In Lusco v. McNeese, supra (86 So.2d 228) the Court suggested that if a *113 petition is inartistically drawn, it is ‘probably subject to an exception of vagueness’ but should not be dismissed on an exception of no cause of action.”
Therefore, even though the City is responsible only for maintaining street lights and not for maintaining the streets themselves, it is our opinion that the petition alleges a cause of action against the City for the negligent manner in which they may have placed or maintained these lights so as to “make it appear that Delaware Street continued across Brady Street and across the clear space north thereof”. For this reason it is our opinion that the exception of no cause of action as to the City of Baton Rouge should have been overruled.
Having come to the conclusion that the exception of no cause of action filed by the City of Baton Rouge should be overruled, then we find that both the City and the Parish are alleged to be guilty of negligence proximately causing this accident and therefore liable jointly and in solido to plaintiff. Under the provisions of LSA-Civil Code, Article 2097 as it has been interpreted by our Courts, suit against one joint tort-feasor interrupts prescription as to the other.
In the recent case of Brignac v. Fontenot, 96 So.2d 66, the Orleans Court of Appeal said:
“LSA-Civil Code, Article 2097 provides as follows:
“ ‘A suit brought against one of the debtors in solido interrupts prescription with regard to all’.
“And similarly LSA-Civil Code, Article 3552 provides in part that:
“ ‘A citation served upon one debtor in solido, or his acknowledgement of the debt, interrupts the prescription with regard to all the others and even their heirs.’
“These codal provisions have been so well recognized and so often applied that discussion of them is entirely unnecessary, but counsel for Johnson, conceding this, argue that even if the allegations of the several petitions are true, Johnson and Fontenot were not actually joint tort-feasors since the acts of negligence which are charged against the one are not the same acts of negligence which are charged against the other. This is true of almost all cases where an accident results from a collision of two or more vehicles and some third person is injured. The negligence charged against one of the drivers is not the negligence which is charged against the other, and yet it is well established that in such cases the suit against one interrupts prescription as against the other.”
Our conclusion is that plaintiff has alleged the City to be negligent in the way it placed and maintained these lights so as to contribute to the hazard. Of course, the Parish is alleged to be negligent for its failure to provide proper and adequate barricades or warning signs to inform motorists of the dead-ending of the street. The combined negligence of the City and the Parish is alleged to be the proximate cause of this accident. If the allegations of the petition are true, then the City and the Parish are debtors in solido to the plaintiff and suit brought against one interrupts prescription with regard to the other under the clear provisions of LSA-Civil Code, Article 2097. The plea of prescription which has been filed by the Parish of East Baton Rouge is therefore overruled.
For the reasons hereinabove set forth the judgment of the lower court is reversed and the exception of no cause or right of action and the plea of prescription are overruled and this case is remanded to the lower court for further proceedings.