173 So.2d 392 (1965)
Webster SHUFF, Plaintiff-Appellant,
v.
ZURICH-AMERICAN INSURANCE COMPANY, Defendant-Appellee.
No. 6351.
Court of Appeal of Louisiana, First Circuit.
March 8, 1965.
Rehearing Denied April 12, 1965.
William N. Knight, of Knight & Knight, Jennings, for appellant.
Charles W. Franklin, of Franklin & Keogh, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
ELLIS, Judge.
The plaintiff instituted this action as a result of injuries he received while incarcerated in the jail of the Town of Basile. A direct action was filed against the town's insurer in East Baton Rouge Parish. The defendant insurer, Zurich-American Insurance *393 Company, filed an exception of no right and/or no cause of action. The basis for this exception was:
"1.
"That petitioner fails to state a cause of action against defendant in that there is no allegation of any actionable negligence on the part of respondent or respondent's agents, servants or employees which would be sufficient to sustain a cause of action herein.
"2.
"Your petitioner has failed to allege primary facts sufficient to show that petitioner has a right of action against respondent herein and therefore petitioner has no right of action herein."
The District Court, for oral reasons assigned, sustained defendant's exception of no cause of action. Plaintiff then perfected a devolutive appeal to this Court.
The pertinent portions of plaintiff's petition read as follows:
"II.
"That on or about November 5, 1963, your petitioner was arrested and incarcerated in the town jail of the Town of Basile, Louisiana.
"III.
"That on the aforesaid date, prior to his incarceration, your petitioner had consumed large quantities of alcoholic beverages and was in such a drunken stupor that he had passed out on the town streets.
"IV.
"Your petitioner was arrested by Officer Douget, employed by the Town of Basile, who physically transported your petitioner to the jail and placed him in a bed in a cell, while he was in this drunken condition.
"V.
"That neither Officer Douget nor any of the other officers and employees of the Town of Basile took any steps or measures to attempt to sober your petitioner or revive your petitioner to such a state that he could properly care for his person.
"VI.
"That while in this stupefied and drunken condition, your petitioner was allowed to remain in the bed in the cell, unguarded and unwatched, and while in this condition, your petitioner fell out of the bed onto the floor, causing severe personal injuries to himself.
"VII.
"That the police officers called Dr. Bobby Deshotel, who came to the jail to examine your petitioner, who was then transported to the doctor's office in order to suture a laceration on the back of your petitioner's head.
"VIII.
"That the accident and attending personal injuries suffered by your petitioner was due solely to the gross negligence and carelessness of the defendant's insured, the Town of Basile, through their agents and employees, in the following non-exclusive particulars, to-wit:
"1. In placing your petitioner in the bed, in such a drunken and stupefied condition without first attempting to sober your petitioner or revive your petitioner to such a state that he could properly care for his person.
"2. In failing to secure your petitioner to the bed or take other precautions to insure your petitioner's safety therein.
"3. In failing to maintain a proper watch and guard over your petitioner.

*394 "4. In allowing your petitioner to fall out of bed.
"5. In generally failing to take the necessary precautions and failing to act as a reasonable and prudent person would act under the circumstances.
"All or any one of the hereinabove described acts of negligence were the sole, only and proximate cause of the accident."
Counsel for defendant raises two main points in support of his position. His first point is, in essence, that a jailer or arresting officer has no duty under the jurisprudence or statutory laws of Louisiana to sober up a drunk prisoner. His other point is that plaintiff's petition does not specifically state that the arresting officers knew or should have foreseen the danger to the prisoner.
As contended by plaintiff's counsel, an exception of no cause of action addresses itself to the sufficiency, in law, of the petition and it is triable on the face of the petition, the well-pleaded facts in the petition; and any annexed documents must be accepted as true. Elliott v. Dupuy, 242 La. 173, 135 So.2d 54. Defendant has not quarreled with this well-recognized principle. Therefore, in this case we must look only to the petition and its allegations to determine whether or not plaintiff has set forth a cause of action, taking all its well-pleaded allegations as true.
Appellee puts great emphasis on the allegations in Articles IV and V of plaintiff's petition to the effect that the arresting officers failed to sober up plaintiff and allowed him to remain in the bed in the cell, unwatched and unguarded, while in a stupefied and drunken condition. It is probable that the duty thus implied constitutes a higher degree of care than is expected or required of arresting officers. However, there are other allegations, which, when read and accepted as true, would support a cause of action. These are the allegations to the effect that plaintiff was in such a drunken stupor when he was arrested that he had passed out on the street and that he was still in this condition when he was placed in a bed in a jail cell. The arresting officer's acts of omission are set forth as failure "to secure your petitioner to the bed or to take other precautions to insure your petitioner's safety" and general failure "to take the necessary precautions and failing to act as a reasonable and prudent person would act under the circumstances."
It is correctly contended by counsel for plaintiff that in passing upon exceptions of no cause of action, the courts of Louisiana have resolved doubts as to the rights of plaintiffs to recover in favor of the sufficiency of the petition. Unless the petition clearly discloses a lack of a cause of action, the exception should be overruled. Lusco v. McNeese, La.App., 86 So.2d 226.
An early case in Louisiana dealing with the arresting officer's duty to a drunken offender was Honeycutt v. Bass, La.App., 187 So. 848. A statement in that case is relied upon by counsel for the defendant:
"The law imposes the duty on a jailer to exercise reasonable and ordinary care and diligence to prevent unlawful injury to a prisoner placed in his custody, but he cannot be charged with negligence in failing to prevent what he could not reasonably anticipate."
However, in the case at bar, it must be taken as true that Webster Shuff was in such a drunken stupor that he was unconscious when he was arrested and that he was still unconscious when placed upon a bed in a cell in the jail. Considering the prisoner's condition, a jailer should reasonably anticipate that the prisoner could fall out of the bed and be injured.
Counsel for the defendant also makes the following observations:
"In Manuel vs. United States Fire Insurance Company, 140 So.2d 702 (Court of App. 3rd Cir. 1962) the court laid *395 down what appellee believes to be the general rule applicable to this case:
"`In our opinion, a correct statement of the general rule of law as to the duty owed to intoxicated persons in such cases is found in 65 C.J.S. Negligence Section 143, Page 784, and in 38 Am. Jur. 684, Section 39, the latter of which reads in part as follows:
"`"In accord with the general principles stated in preceding sections, knowledge on the part of one person by whom a duty to exercise care for the safety of another is imposed, that the latter is so intoxicated as to be incapacitated for physical or mental effort, serves to demand an increase in the amount of precaution to be taken to prevent injury to him. A person who is known to be drunk, like those who are otherwise under a disability, is entitled, by reason of his incapacity to care for himself, to redoubled vigilance on the part of those who may owe him a duty to avoid an injury. Moreover, even when a person is known to be intoxicated, it may be assumed, if he does not appear to be physically incapacitated, that he will take some precautions to preserve himself from injury. It is neither axiomatic nor knowledge common to all that men when drinking are utterly reckless of their safety or insensible to their duty to protect themselves. It has been held that one conducting a boat livery violates no legal duty in renting a canoe to a person under the influence of intoxicating liquor, but not so intoxicated as to be incapable of protecting himself."' (Emphasis supplied.)
"Appellee admits that there is a high degree of care owed to an intoxicated prisoner but urges that the pleadings of petitioner do not allege that plaintiff was so incapacitated or intoxicated that he could not protect himself from falling off a bed; nor does plaintiff's petition allege that Officer Douget knew or should have foreseen that plaintiff was so incapacitated or intoxicated."
We cannot agree with counsel for defendant in this contention that "nowhere in plaintiff's petition does he allege a breach of an affirmative duty to foresee the anticipated danger, nor does he allege that Officer Douget anticipated, foresaw or should have known of the danger * * *". The petition, in essence, states that plaintiff was in a drunken stupor to the extent that he was unconscious when placed in the jail and that the arresting officer negligently failed to take proper precautions to insure plaintiff's safety. The fact that the plaintiff's petition did not literally spell out the affirmative duty to foresee in exactly the words sought by exceptor does not defeat the cause of action. The cause of action is based upon the facts alleged, and it is concluded, for the reasons given, that the facts, as alleged, state a cause of action.
Accordingly, the judgment of the District Judge is reversed and this cause is remanded to District Court for trial on the merits.
Reversed and remanded.