YARRUT, Judge.
Defendant, Crane Clothing Company, Inc., appeals from a judgment in favor of Plaintiff awarding the latter damages for loss sustained to its merchandise in premises occupied by Plaintiff under lease from Defendant, caused by water leaking from an upper apartment leased by Defendant to another tenant (Lanfredi), made Co-defendant with Crane Clothing Company.
On August 16, 1956, Defendant, Crane Clothing Company, leased from the owner for a period of 72 months, various buildings in New Orleans, known as 1206, 1208, 1212, 1214, 1216 and 1218 Canal Street, and a lot known as 116 Loyola Avenue. The lease stipulated that no repairs whatsoever were to be due lessee; that lessee could sublease to any party not objectionable to lessor; and lessee was permitted to make any repairs, alterations or improvements, at its own expense, in conformity with the City Building Code and the Regulations of the Louisiana Rating and Fire Prevention Bureau.
On August 3, 1959, Defendant, Crane Clothing Company, subleased to Walter R. Peek, the lower floor of the building bearing Municipal No. 1208 Canal Street, *918 for a term of 43 months, for use as a retail clothing store, with the provision that the sublessee assumed responsibility for the condition of the premises, and relieved lessor from any liability for such defects, except in case of positive neglect to remedy them within a reasonable time after notice of such defects; with the further proviso that, should sublessee fail to notify lessor promptly of such defects, the sublessee would become responsible for any damage resulting to lessor or other parties.
Sublessee, at the latter’s own cost and expense, was granted the right to make repairs, alterations and improvements, provided they were done in a thoroughly workmanlike manner, and in accordance with the City Building Code and Regulations of the Louisiana Rating and Fire Prevention Bureau; provided that no structural change would be made without the consent of lessor.
Plaintiff was in possession of the lower floor, operating a retail clothing store, for many years prior to the sublease to Peek, and continued occupancy after the Peek lease.
Plaintiff brought this suit in solido against Crane Clothing Company and Jules Lanfredi, for damage to its stock of merchandise caused by water leaking from an overhead apartment occupied by Lanfredi, another sublessee of Defendant. Plaintiff alleges the dripping water was due to defective plumbing installations made by an independent plumbing company for Lan-fredi, with the full knowledge and consent of Crane Clothing Company.
Lanfredi was dismissed from the suit as a Defendant because of his adjudication and discharge in bankruptcy, from which dismissal no appeal was taken by any party. This contest therefore is between the Plaintiff-sublessee and Defendant-sublessor, for damages occasioned as aforesaid.
Reference to Defendant hereinafter will be to Crane Clothing Company, Inc.
Defendant resists Plaintiff’s demand on two grounds: (1) That Plaintiff was occupying the premises without any lease from Defendant; and (2) That Defendant, in its sublease with Walter R. Peek, was relieved of any responsibility for damage to him or any third-party under LSA-R.S. 9:3221, providing:
“The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.”
Regarding Plaintiff’s relationship to Defendant, Plaintiff had been occupying the premises for many years, as stated above, before and since the Peek lease with Defendant, with the full knowledge of, and without objection from, Defendant. Peek was president and sole owner of Plaintiff-corporation, owning all of its capital stock. Hence, Plaintiff occupied the premises as sublessee of Peek and bound by Peek’s lease with Defendant.
Therefore, the relationship of Plaintiff and Defendant was that of lessor and lessee, and liability between them governed by LSA-C.C. Art. 2695, as follows:
“The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.”
Defendant contends that his liability under LSA-C.C. Art. 2695 to his sublessee *919 Peek and Plaintiff, was modified by the “hold harmless” clause in Peek’s lease under LSA-R.S. 9:3221, quoted above.
Since Defendant authorized its lessee Lanfredi to install plumbing facilities, the defective installation of which caused the flooding and consequent damage to Plaintiff, Defendant became liable therefor because the installation was not done by a licensed plumber nor approved by the proper municipal authorities. The upper apartment was converted from a commercial to a residential occupancy, with necessary bathroom, etc. The “hold harmless” clause of the lease under LSA-R.S. 9:3221 cannot avail Defendant because Defendant, having authorized the installation, is charged with responsibility therefor, the same as though it had contracted therefor. It should have required that the work be done by competent plumbers and with municipal approval.
In determining whether a tenant received injury while on the premises as required by LSA-R.S. 9:3221, our courts have consistently held that the tenant has the right to enjoy and use the premises and common accessories of the leased premises; and when such accessories are under the control of the owner or lessor, the tenant or third person can maintain an action against the owner for damages flowing from an injury caused by a defect in such accessory, notwithstanding the lessee’s contractual assumption under LSA-R.S. 9:3221. Bates v. Blitz, 205 La. 536, 17 So.2d 816; Poss v. Brown, La. App., 73 So.2d 661; Thiel v. Kern, La. App., 34 So.2d 296; Estes v. Aetna Casualty & Surety Co., La.App., 157 So. 395; and La.App., 158 So. 25.
We can see no distinction between an owner or lessor maintaining defective joint facilities, and the authorization of major repairs by another tenant, the defective installation of which, for want of ordinary care, causes injury to another tenant or third person.
Further, Plaintiff, on previous occasions, had advised Defendant that water was leaking from the upper apartment, without getting any relief.
With reference to quantum, Plaintiff seeks to recover damage to the merchandise itself and loss of profits. The district court allowed the sum of $1205.50 as the actual water damage to the merchandise, but did not allow any loss of profits, holding the proof was too uncertain and speculative. In fixing the value of the damage, we agree with the trial court that Plaintiff suffered no loss other than the damaged merchandise. However, Defendant contends Plaintiff has not even proved the merchandise damage as required by law.
The record shows that Plaintiff made an inventory of the damaged merchandise, produced its original invoices showing the original cost thereof, the amount of water damage and resulting depreciation, and the depreciated sale price. Defendant was notified by Plaintiff of the nature and extent of the damage, and had ample time to investigate and refute Plaintiff’s claim. Defendant offered no evidence to refute Plaintiff’s claim, being content to rely solely on what it considered was failure of Plaintiff to make adequate proof. We think Plaintiff established a prima facie case on quantum.
Accordingly, we agree with the district court that Defendant is liable for the damage occasioned by the faulty repairs and improvements made by its subtenant in the overhead quarters without first obtaining approval of the necessary authorities, with its full knowledge and approval, by virtue of which Defendant must be considered as having made the repairs negligently and improperly. Defendant, therefore, cannot claim immunity under LSA-R.S. 9:3221.
For the reasons assigned, the judgment of the district court is affirmed; Defendant to pay costs in both courts.
Affirmed.