267 So.2d 768 (1972)
STANDARD OFFICE SUPPLY COMPANY, Inc., Plaintiff-Appellant,
v.
STONEWALL INVESTMENT COMPANY, Inc., Defendant-Appellee.
No. 11926.
Court of Appeal of Louisiana, Second Circuit.
September 12, 1972.
Rehearing Denied October 17, 1972.
*769 Brown & Wicker, by William D. Brown, Robert A. Lee, Monroe, for plaintiff-appellant.
Hudson, Potts & Bernstein, by B. G. Iverson, Monroe, for defendant-appellee.
Before PRICE, HEARD, and HALL, JJ.
En Banc. Rehearing Denied October 17, 1972.
PRICE, Judge.
Lessee, Standard Office Supply Company, sued lessor, Stonewall Investment Company, for damages to furniture, fixtures, supplies and the ground floor premises occupied by lessee, resulting from water leaking from a water cooling machine located on the second floor occupied by lessor.
Defendant reconvened for $1,000 damages for breach of contract because of lessee's failure to provide public liability insurance as stipulated in the lease. Both parties filed motions for summary judgment. The district court sustained defendant's motion for summary judgment, dismissing plaintiff's suit. The trial judge held that water leaking into the leased premises constituted a vice or defect in the premises and that the lessor could and did, under LSA-R.S. 9:3221, protect itself from liability by agreement in the lease. Plaintiff appealed.
The central issue in this case is whether the provisions of the lease between the parties exempts defendant from liability for plaintiff's damages. The pertinent language of the lease relevant to this issue states in part:
"8. No repairs shall be due Lessee by Lessor except to the roof, and Lessor will not be responsible for damages caused by leaks or defects in the roof, except * * * after having received written notice thereof from Lessee. Lessor shall not be liable for any damage to person or property sustained by Lessee or any other person, and Lessee shall hold Lessor harmless from any claims by or liability to third persons however arising * * * *."
Such an agreement is effective to exempt the lessor from liability for damages resulting from the condition of the *770 leased premises, under the terms of LSA-R.S. 9:3221:
"The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein . . ." (Emphasis supplied)
See Paul v. Nolen, 166 So. 509 (Orl. App.1936).
However, LSA-R.S. 9:3221 does not apply to damages incurred by lessee or third persons resulting from a defect in the property which is not part of the leased premises, and over which lessee has no supervision or control. In Thiel v. Kern, La.App., 34 So.2d 296 (Orl.Cir.1948), certiorari denied 1948, the court construed R. S. 9:3221 to hold that a provision in a lease relieving owners of an apartment building from responsibility to a tenant or any third person for injuries from defects of the leased premises did not relieve owners from liability for injuries occurring on a stairway which was not part of the leased premises, but was a common accessory of which the owners necessarily retained control.
Plaintiff contends that its damage was proximately caused by a leaking water cooler located in a portion of the premises reserved to and used by lessor and hence under his control. Defendant contends that plaintiff's damage was proximately caused by a defect in plaintiff's ceiling which allowed the water accumulated on defendant's premises to leak into plaintiff's premises. Defendant further contends that it should not be liable because it had no prior written notice of such defect in plaintiff's "roof", and no opportunity to remedy it, as provided in the quoted portion of the lease.
However, we find that a ceiling serving as a partition between floors of a building is not defective as a matter of law because accumulated waters may leak through it. Therefore, the malfunctioning water cooler proximately caused plaintiff's damage, and a showing of fault according to the standards of C.C.Art. 670 or C.C. Art. 2322 would be required to impose liability upon defendant.
Several genuine issues of material fact must be resolved before it can be determined whether Stonewall bears any liability for the damages suffered by Standard Office. The affidavit filed by Stonewall's president does not address itself to these issues of fact. In substance that affidavit merely denies previous knowledge of any defect in the cooler. Therefore, although these allegations are uncontroverted by plaintiff, the affidavit is insufficient to support a motion for summary judgment, where plaintiff's petition alleges negligence in maintenance and repair of defendant's premises.
The amendment to C.C.P. Art. 967 does not require that Standard Office produce pro forma affidavits simply to contradict the affidavit filed by Stonewall's president, when that affidavit did not directly put at issue allegations of material fact in plaintiff's petition. To do so would relieve defendant of the burden of showing no material issue of fact which is properly put upon him as a movant for summary judgment. Aetna Insurance Co. v. Morgan & Lindsey, (La.App.) 238 So.2d 212 (3d Cir. 1970).
This court has carefully considered the cases of Nacol v. WAIL, Inc., 219 So.2d 333 (1st Cir., La.App., 1969), and Abbott & Barnes Credit Clothiers, Inc. v. Crane Clothing Co., Inc., 141 So.2d 916 (4th Cir., La.App., 1962), and found neither of them relevant to the decision herein. In both cases the decisions were based upon finding that the respective defendants had each specifically assumed responsibility for the condition arising on an upper floor which damaged the lower floor lessee.
The judgment appealed from is hereby reversed and the case is remanded for further proceedings in accordance with law *771 and not inconsistent with the views expressed herein.
Costs of this appeal are to be paid by defendant. Assessment of all other costs shall be made after trial on the merits.
Reversed and remanded.