FRED W. JONES, Jr., Judge.
Plaintiff, who slipped and fell on an icy sidewalk adjacent to leased premises, sued the tenant and its insurer for damages. From a judgment decreeing a directed verdict adverse to the plaintiff, the latter appealed. For the reasons explained, we reverse.
Wayne Williamson owned a building in Monroe which housed in separate areas two separate businesses owned by Williamson — N-Sure Systems, Inc. (“N-Sure”), a computer company, and Mel-Way, Inc., d/b/a Snelling and Snelling, for whom Joan Van Burén worked. Williamson had executed leases with both tenants.* The lease with N-Sure contained a clause under which the lessee agreed to indemnify and hold the lessor harmless for loss or damage to any person on the premises or “on the sidewalks adjoining the same.” Janitorial services were to be provided by the landlord, but the lease stipulated a built-in increase in the rent to cover any increase in the cost of janitorial services to the landlord.
On February 4, 1985 Ms. Van Burén was at work for Snelling and Snelling in the described building. An ice storm had covered walkways in the area with precipitation. Since the plumbing in her office was not working, Ms. Van Burén went next door to the N-Sure office to use the restroom. Upon exiting the back door of the N-Sure office, Ms. Van Burén slipped on the ice-caked sidewalk adjacent to the lease premises and fell, injuring her neck.
Ms. Van Burén filed suit against the landlord and his insurer and the tenant, N-Sure, and its insurer. Plaintiffs worker’s compensation insurer intervened. Settlement was effected with the landlord and suit dismissed as to him, with plaintiff receiving subrogation as to any rights the landlord held under the lease against the tenant. N-Sure received a stay order from the bankruptcy court. Plaintiff proceeded to trial against N-Sure’s insurer, National Surety Corporation.
After plaintiff presented her case, defendant moved for a directed verdict. The trial court granted the motion and dismissed plaintiff’s case. In oral reasons for judgment the trial judge reasoned that the tenant did not have custody of the sidewalk where the accident occurred and had not assumed the duty to keep the sidewalk in a safe condition. Plaintiff contends the trial court erred in this holding.
Did N-Sure, in its lease, purport to assume liability for accidents on the sidewalk, outside the lease premises? We answer in the affirmative. In Ensminger v. Great Atlantic & Pacific Tea Co., 134 So.2d 686 (La.App.2d Cir.1961) this court found that the following clause in a lease constituted an assumption of liability by the lessee:
“It is agreed that lessee will hold lessor harmless from all claims of bodily injury or other liability by lessee’s employees or agents or others growing out *1328 of the use and occupancy of the premises.”
Since the lease clause under consideration contains similar language, we find that it was an assumption of liability by the tenant for accidents in the affected area.
Even though the lease was not signed by the lessee, it is well settled that an agreement under which the lessee assumes liability for the condition of premises may be either oral or written. La.C.C. Article 2683; Hornsby v. Ray, 327 So.2d 146 (La.App. 3d Cir.1976), writ denied, 330 So.2d 293 (La.1976) and writ denied, 330 So.2d 319 (1976). Even if not signed, the written lease would be evidence of the agreement between the parties. Williamson testified to this understanding.
The critical question in this case is whether it is against public policy for the lessee to assume liability for the sidewalk area where this plaintiff fell, adjacent to the leased premises.
Absent a contractual provision to the contrary, a lessor guarantees his lessee against all vices and defects of the thing leased. La.C.C. Article 2695. However, a lessee may contractually absolve a lessor from responsibility for the condition of the leased premises. La.R.S. 9:3221. That statute was applied in the Hornsby case, supra, in which the lessee orally assumed responsibility for the condition of the lease premises. Consequently, the lessor was absolved of any liability for plaintiff's injuries.
It was explained in Matt v. Cox, 478 So.2d 918 (La.App. 1st Cir.1985), writ denied, 479 So.2d 913 (La.1985), that R.S. 9:3221 is based on the following logic—a person who lives on the property, rather than an absentee landlord, is more likely to know of defects on the premises.
On the other hand, in Ostrander v Parkland Villa Apartments, 511 So.2d 1293 (La.App. 2d Cir.1987) we found that exculpatory language in a lease did not exempt the lessor from liability for injuries suffered by the lessee when he was descending a stairway which was not part of the leased premises but was a common accessory over which the lessor retained supervision and control.
In this case the sidewalk where the accident occurred led directly into the back of the premises leased only by N-Sure. The lessee, through its employees, was in the best situation to know of the condition of the sidewalk in the area where plaintiff fell. This was not a common accessory for a number of tenants, as in Ostrander, supra, but was used primarily for the convenience of the employees and its invitees. Under the circumstances, and considering the proximity of this area of the sidewalk to the rear door of the lease premises, we do not consider that the tenant’s assumption of liability in the lease for this sidewalk area, although outside the lease premises, is in violation of public policy.
For these reasons, the judgment granting the directed verdict is REVERSED and the case is REMANDED to the district court for further proceedings, consistent with this opinion. Cost of appeal is assessed to defendant-appellee.

Williamson signed the lease with N-Sure as lessor, but not as lessee.