134 So.2d 686 (1961)
William Louis ENSMINGER et ux., Plaintiffs-Appellants,
v.
GREAT ATLANTIC AND PACIFIC TEA COMPANY et al., Defendants-Appellants,
Employers Liability Assurance Corporation, Ltd., Defendant-Appellee.
No. 9554.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1961.
Rehearing Denied November 22, 1961.
*687 Love & Rigby, Shreveport, for plaintiffs-appellants.
Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for defendants-appellants.
Cook, Clark, Egan, Yancey & King, Shreveport, for defendant-appellee.
Before HARDY, GLADNEY and BOLIN, JJ.
GLADNEY, Judge.
This suit was brought by William Louis Ensminger and his wife, Ouida Green Ensminger, to recover damages for personal injuries to Mrs. Ensminger, resulting from an accident occurring December 18, 1958, on the premises occupied by the defendant, the Great Atlantic and Pacific Tea Company, at No. 2724 Greenwood Road, Shreveport, Louisiana. Named defendants were the Great Atlantic and Pacific Tea Company, and its liability insurer, Aetna Casualty and Surety Company. The defendants answered plaintiffs' suit denying liability and filed a third party petition against Employers Liability Assurance Corporation, Ltd., liability insurer of John L. Baird and Mary Siner Baird, owners of the premises. The proceedings between the parties resulted in judgment of the trial court, maintaining a motion for a summary judgment by Employers against the third party plaintiffs, from which A and P and Aetna have appealed. There was judgment sustaining a plea of prescription filed on behalf of Employers, from which the original plaintiffs have appealed.
For a better understanding of the issues presented to this court on the appeals below, we have set forth in chronological order the pleadings as filed on behalf of the several parties subsequent to the introduction into the case of the third parties' petition and the disposition thereof by the trial court.
On January 7, 1960, more than a year after the accident happened, the A and P and its insurer filed a third party petition wherein they sought judgment over against *688 Employers. On January 27, 1960, the third party defendant, Employers, filed a prayer for oyer of the written lease referred to in the third party petition, and likewise filed an exception of no cause or right of action to the third party petition. Attached to this latter exception is a photostatic copy of the lease between the A and P and its lessors and a certified copy of the policy of liability insurance which Employers issued to the lessors. On January 28, 1960, the plaintiffs filed a supplemental and amended petition alleging that Employers should be joined as a defendant. The prayer for oyer was sustained but was deemed satisfied by the lease filed in the record and attached to the exception. The exception of no cause or right of action to the third party petition was referred to the merits. An exception of no cause or right of action to plaintiffs' petition and amended petition was filed by Employers. This exception was sustained on the ground that no allegations whatever were set forth in either the original or supplemental petitions showing any negligence whatever on the part of the lessor. On July 29, 1960, the plaintiffs filed a second supplemental and amended petition wherein they for the first time alleged acts of negligence on the part of the lessors and sought judgment against Employers. Employers filed an exception of no cause or right of action to the amended petitions and a plea of prescription wherein it contended that since the accident sued upon occurred on December 18, 1958, and since no petition purporting to set forth a cause of action predicated on any liability of the lessors was filed until July 29, 1960, action against the lessors and their insurer was prescribed under Article 3536 of the LSA-Civil Code. The plea of prescription urged against A and P and Aetna was referred to the merits and not passed upon. On December 16, 1960, judgment was rendered in favor of Employers and against the plaintiffs, sustaining the plea of prescription as against plaintiffs.
On January 6, 1961, Employers filed a motion for summary judgment on the third party demand of the A and P and its insurer, based upon the lease which was filed in the record of the case, the policy of insurance which was issued by Employers to the lessors, the pleadings and the judgment in favor of Employers and against the plaintiffs. This motion was argued and was sustained by the trial judge and the third party petition was dismissed.
The plaintiffs, William Louis Ensminger and wife, took a devolutive appeal from the judgment sustaining the plea of prescription and rejection of their demands against Employers, and at the same time the third party plaintiffs, the A and P and its insurer, took a devolutive appeal from the judgment sustaining the motion for summary judgment filed by Employers.
The third party relief resorted to by the defendant lessee, and its insurer, is predicated upon Articles 1111 through 1116 of the LSA-Code of Civil Procedure. The pertinent portion of Article 1111 describes:
"The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand."
The purpose of the third party action is to allow a defendant in civil actions to implead one who will be secondarily liable to him if plaintiff's suit against him is successful. It is intended to avoid a multiplicity of actions. Plummer v. Motors Insurance Corporation, 1957, 233 La. 340, 96 So.2d 605. In Bourree v. A. K. Roy, Inc., 1957, 232 La. 149, 94 So.2d 13, 15, it was held that a third party action could not be maintained where the alleged indebtedness of the third party to the defendant did not arise out of or have any causal connection with the principal demand. In that case Justice McCaleb, its author, after noting that the third party action has a salutary function, commented:
"* * * it is manifest that it would lead to undesirable results to permit the statute to be extended to any case *689 in which the indebtedness of the third party to the defendant did not arise out of or have causal connection with the main demand. * * *"
In the cited case a purchaser brought suit for a rescission of the sale of realty and return of the purchase price. The property had been appropriated for levee use. The defendant vendor filed a third party action against the Board of Commissioners of the Levee District for the assessment value of the realty approved. The court held it was presented with a classic example of an attempt to make an improper use of the statute and concluded the exception of no right of action filed on behalf of the Levee Board should have been sustained.
Since it is evident that Employers is not A and P's warrantor, under the provisions of Art. 1111, as above quoted, the only basis upon which the third party petition may be sustained is that said insurer is or may be liable to A and P for all or part of the principal demands asserted against it by plaintiffs. For the third party petition to state a cause of action it must, therefore, disclose an obligation of Employers to reimburse the third party plaintiff. The third party petition alleges that the right to claim indemnity is derived from its written lease which provided: "The lessor shall carry public liability insurance covering the exterior of the premises, including but not limited to the sidewalk and parking lot, and pay the premiums therefor." Further, the complaint asserts that the lessors did take out such insurance with Employers and that "under said contract of insurance said third party defendant agreed to pay all sums which might become due to any member of the public who might be injured, or damaged on or about said property."
The plaintiffs in the main demand, originally brought suit solely against A and P and its insurer, Aetna, but after the third party petition was filed plaintiffs then made Employers a party defendant. In their first supplemental petition plaintiffs set forth the excerpts (hereinafter quoted) from the lease between A and P and its lessors, for the purpose of indicating some possibility of Employers being liable to the plaintiffs arising from the lease provisions. Plaintiffs, however, declared:
"It is impossible for your petitioners to determine and your petitioners could not be forced to try to determine whether the liability for petitioner's accident is the joint and solidary responsibility of both of the said defendants or whether the responsibility and liability lies with one or the other."
The demand then set forth allegations of independent negligence on the part of the lessors. The pertinent provisions of the lease referred to in plaintiff's supplemental petition, are:
"13. The Lessor, at his own expense, will make the leased premises thoroughly sanitary and will put and keep them in first class tenantable condition.
"14. The Lessee will keep the interior parts of the demised premises in as good repair as same are in when possession hereunder is given to Lessee, except for repairs occasioned by fire, termites, the elements, other casualty or happening, unsafe condition or settling of the building, reasonable wear and tear, structural repairs, repairs to and of the heating equipment and parts thereof, plumbing, water or sewerage system, the air conditioning plant or system and repairs of an extraordinary character. The Lessee will make good any damage to plate glass in the demised premises if the same be occasioned by Lessee's negligence, but not if occasioned by any other cause. Lessee may immediately install plate glass in place of any which may be damaged and the charge therefor shall be borne by whatever party is liable hereunder for such damage. The Lessee will comply (only insofar as the necessity therefor shall arise *690 solely out of its manner of occupation of the demised premises and provided structural alterations, or extraordinary changes or repairs are not required) with all rules, regulations and requirements of any Federal, State, County or Municipal authority, or the Board of Fire Underwriters or like organization, applicable to the demised premises for the correction, prevention and abatement of nuisances thereon caused by it. Excepting for such repairs as Lessee has agreed to make herein, Lessor shall make all replacements and any and all other repairs to the demised premises and comply with all such rules, regulations and requirements; and the Lessor assumes liability for all damage and/or injuries resulting from his breach of this covenant and shall indemnify and save harmless the Lessee against any and all claims, demands, actions, causes of action, loss or expense brought about by personal injury or property damage to the Lessee, Lessee's customers, or others, or for any damage to the Lessee's merchandise or equipment, arising out of Lessor's failure to make such repairs or replacements.
"15. The Lessor shall carry plate glass insurance and public liability insurance covering the exterior of the premises including but not limited to the sidewalks and parking lot and pay the premium therefor and deliver to the Lessee certificates showing coverage in the name of the Lessee as well as the Lessor.
"16. The Lessee may, during the term of this lease or any extension thereof, at its own expense, make any alterations or changes to the partitions if they are necessary for the operation of its business and it is understood that the Lessee shall not be required to restore the premises to their original state.
"17. The Lessor shall have access to the said demised premises at reasonable hours for inspection and to make any repairs or replacements required of him to be made.
"6. It is agreed that Lessee will hold Lessors harmless from all claims of bodily injury or other liability by Lessee's employees or agents or others growing out of the use and occupancy of the premises."
The subject insurance policy contains express provisions limiting its liability to such sums as the insured would be legally obligated to pay as damages because of injury, sickness or disease, including death at any time resulting therefrom sustained by any person and caused by accident. The policy also defines the insured and under this definition does not designate the insured lessee as a beneficiary. An insured has the right to limit or restrict its liability to the provisions of the policy or contract if the same are not in violation of the laws of this state. LSA-R.S. 22:655. See also Ruiz v. Clancy et al., 1935, 182 La. 935, 162 So. 734.
As above observed defendant's third party demand against Employers is predicated solely on indebtedness arising out of the lease and particularly under paragraph 15 thereof, which states: "Lessor shall take out insurance on the parking lot." Under this provision of Article 1111 et seq., the defendant in the third party action has the right to tender such defenses as would be available to him if such third party action were a principal demand. In this instance Employers excepted on the ground that the demand failed to state a cause or a right of action.
A close scrutiny of both the act of lease and the policy of insurance fails to reveal any provisions of the insurance that could create a creditor-debtor relationship between the third party plaintiffs and the insurance company. The lease does *691 not provide for penalties against lessors should they fail to obtain such insurance. The instrument, on the contrary, reflects certain deletions of the printed parts thereof as would indicate the parties definitely intended to exclude the lessee as a beneficiary of the insurance. This fact is evidenced in the deleted portions of paragraph 15 of the lease as above set forth. The clause provided no more than a "lessor shall carry public liability insurance covering the exterior of the premises, including but not limited to the sidewalks and parking lot, and pay the premium therefor * * *." Without including lessee as a beneficiary through some stipulation, the legal right to sue the insurer may not be implied. Undoubtedly, the clause was inserted for lessor's personal protection against any possible liability. Counsel does not question the fact that insurance is secured for such purpose, for it is said in brief that lessors had "a right to take out liability insurance to cover any possible liability that one might have." We deduce, therefore, that the mere presence of the clause in the act of lease does not impose liability of Employers under its policy, to reimburse the lessee for payment of claims arising form the use and occupancy of the leased premises. To hold otherwise would nullify the effect of the "hold harmless" clause. The right of a landlord to be relieved of liability for accidents occurring on the leased premises has received express statutory recognition. LSA-R.S. 9:3221:
"The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time."
See Paul et al. v. Nolen, La.App. Orleans, 1936, 166 So. 509; Poss v. Brown, La.App. 2d Cir., 1954, 73 So.2d 661.
The parties to the lease added thereto a typewritten portion which included paragraph 6, which provides:
"It is agreed that Lessee will hold Lessors harmless from all claims of bodily injury or other liability by Lessee's employees or agents or others growing out of the use and occupancy of the premises."
It is not contended that the parking lot was not a part of the leased premises known by street number 2724, Greenwood Road. The above quoted "hold harmless" provision is free of ambiguity and by virtue of it being a part of the typewritten provisions of the lease and not in the printed provisions, it must prevail over any conflict between the typewritten and printed provisions. Union Indemnity Company v. F. D. Harvey & Company, La.App. 2d Cir., 1933, 148 So. 501; Dean et al. v. Pisciotta et al., 1952, 220 La. 725, 57 So.2d 591.
We do not see how there can be any dispute that Mrs. Ensminger's claim for bodily injury arises out of the use and occupancy of the premises, and, therefore, was exactly the type of liability from which lessee agreed to hold lessors harmless. Whether or not the accident occurred on the sidewalk or parking lot is immaterial.
In passing, we note that counsel for the third party plaintiffs have argued in brief that the motion for summary judgment was improperly considered by the trial court because of uncertainty as to some of the facts essential to a resolution of the liability of the third party defendant. Authorities are cited in support of the proposition. An examination of the record, however, reveals that there is no substantial dispute as to any of the material facts and the court was presented with ample evidence upon which it could and did determine that the third party petition did not set forth a cause or right of action against the third party defendant. Such facts as were referred to were immaterial and not necessary to a decision on the motion for *692 a summary judgment. Thus, as we pointed out, it was of no consequence whether the accident occurred on the sidewalk or on the parking lot. Nor was it material whether or not the district court gave a proper consideration to paragraph 15 of the lease for the reason that we held the type-written paragraph 6 was controlling.
The foregoing reasons suffice to deny to third party plaintiffs the remedy sought against Employers and we hold that the summary judgment was properly entered.
Employers' plea or exception of prescription is predicated on LSA-C.C. Art. 3536, which is a one year liberative prescription applicable to offenses or quasi offenses. The exception points out that in plaintiffs' original petition filed on December 17, 1959, within one year of the date of the accident which occurred December 18, 1958, plaintiffs did not attempt to make the lessors or Employers a party to the suit, and did not state a cause of action applicable to said parties, but, in fact, alleged that the lessee had specially agreed to hold lessors harmless from any and all liability which might result by reason of an injury to persons on the leased premises, and that accordingly, lessee was solely responsible to plaintiffs. The exceptor further alleges that not until more than a year subsequent to the date of the accident did plaintiffs state a cause of action against the lessors, predicated on tort liability and that such belated allegations set forth an entirely new cause of action from that alleged in the original petition and in consequence thereof said action was prescribed under LSA-C.C. Art. 3536.
It is not disputed that the supplemental petition of July 29, 1960, alleged liability on the part of lessors, which if sustained by proof, would make lessors joint tort feasors along with A and P. Plaintiffs argue prescription was interrupted as to Employers by virtue of its suit being filed against A and P within the one year limitation. "A suit brought against one of the debtors in solido interrupts prescription with regard to all." LSA-C.C. Art. 2097; Sewell v. Newton, et al., La.App.Orleans, 1934, 152 So. 389; Brignac v. Fontenot et al., La. App.Orleans 1957, 96 So.2d 66; Arnett et al. v. Maryland Casualty Company et al., La.App. 1st Cir., 1959, 116 So.2d 110.
Plaintiffs elected to proceed under the direct action statute LSA-R.S. 22:655, and have made Employers a defendant without joining the lessors. The statute giving the injured party a right to proceed directly against the tort feasor or his liability insurer or both, for judgment, makes the obligation of the insurer and the assured a debt in solido. Martin v. Mud Supply Company, Inc., La.App.Orleans, 1959, 111 So.2d 375, affirmed 1960, 239 La. 616, 119 So.2d 484.
The position of the exceptor which was sustained by the trial judge is that the original petition did not state any right or cause of action whatsoever, but in fact, stated a different cause of action from that set forth in the supplemental petition filed on July 29, 1960, more than a year after the accident had occurred. The decision rested upon the authority of De Bouchel v. Koss Construction Company, Inc. et al., 1933, 177 La. 841, 149 So. 496, affirmed 1934, 180 La. 615, 157 So. 270; Callender v. Marks, 1936, 185 La. 948, 171 So. 86; Sizeler v. Employers' Liability Assurance Corporation, Ltd., La.App.Orleans, 1958, 102 So.2d 326. The principle stated in these cases is that where the petition does not state any right or cause of action whatsoever, prescription is not interrupted by the filing thereof of an amended petition or subsequent suit which does set forth a cause of action based on different grounds than those contained in the original petition. It does not date back to the filing of the original petition, and, if filed after the prescriptive period has elapsed, the plea of prescription will be maintained.
We find the cited cases are inapposite. De Bouchel v. Koss Construction Company, Inc. was a case in which the plaintiff sued *693 for damages on two causes of action, one being for false imprisonment and the other for malicious prosecution. The allegations of the petition disclosed a cause of action against one of the defendants, but not against the construction company, for damages for malicious prosecution. The suit was dismissed against Koss Construction Company on an exception of no cause of action. By supplemental petition filed more than a year afterward plaintiff sought to recover damages from Koss Construction Company for damages for malicious prosecution as well as for false imprisonment. The court treated the demand for damages for false imprisonment and the demand for damages for malicious prosecution, as if they were separate suits and entirely different causes of action, and held that the original petition did not interrupt prescription against the cause of action set forth in the supplemental petition. Callender v. Marks does not support counsel's position, except to enunciate the principle above stated. In the cited case the plea of prescription was overruled upon a holding that prescription was interrupted so as to permit filing of a suit for the identical cause of action after the prescriptive period had elapsed. Nor does Sizeler v. Employers' Liability Assurance Corporation support the plea of prescription. The appellate court therein simply held that prescription is not interrupted by the filing of a suit as to another demand based upon different grounds than those contained in the original petition. Likewise in Martin v. Mud Supply Company, Inc., wherein a plea of prescription of one year was under consideration, the plea was sustained by the Orleans Court of Appeal and affirmed by the Supreme Court on a finding that no solidary liability existed between the insured automobile owner and its liability insurer. The insurer was not named as defendant in the original petition against the owner. Prescription in favor of insurer was held not interrupted by the filing of such petition, notwithstanding insurer's actual knowledge of the suit. The suit involved liability for the death of a hitchhiker riding in an automobile borrowed from the owner, and involved the respondeat superior theory, which accounted for the fact the court concluded there was no solidary liability between the insured automobile owner and its liability insurer.
In the instant case prescription against Employers was interrupted on December 17, 1955, when a cause of action arising in tort was stated and service obtained on A and P and Aetna. The supplemental petition of July 29, 1960, alleged liability of Employers as a joint tort feasor along with A and P and Aetna. Both of said defendants were solidarily liable to the plaintiffs upon the same cause of action, and, therefore, we think the provisions of LSA-C.C. Art. 2097 must prevail. We, therefore, hold that the sustaining of the plea of prescription as against plaintiffs, was error.
The judgment granting the motion for summary judgment by Employers is accordingly affirmed. The judgment sustaining the plea of prescription filed by Employers and sustained by the trial court against plaintiffs is set aside and it is now ordered that the plea of prescription be overruled The case is remanded to the First Judicial District Court of Caddo Parish, Louisiana, for further proceedings according to law, not inconsistent with this decree. Costs of this appeal are assessed equally between the appellants, the Great Atlantic and Pacific Tea Company and Aetna Casualty and Surety Company, on the one hand, and against the Employers Liability Assurance Corporation, Ltd., on the other, all other costs to await the final outcome of these proceedings.