511 So.2d 1293 (1987)
Daniel W. OSTRANDER, Plaintiff-Appellant,
v.
PARKLAND VILLA APARTMENTS, et al., Defendants-Appellees.
No. 18902-CA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1987.
Ronald J. Miciotto, Shreveport, for plaintiff-appellant.
Lunn, Irion, Johnson, Salley & Carlisle by James A. Mijalis, Shreveport, for defendants-appellees.
Before HALL, FRED W. JONES, Jr. and SEXTON, JJ.
*1294 HALL, Chief Judge.
In this personal injury action arising out of an accident caused by an allegedly defective stairway at an apartment complex, the plaintiff lessee appeals a district court judgment granting a motion for summary judgment in favor of the defendant lessor and its insurer.
The determinative issue is whether certain exculpatory language in a lease between the parties exempts the lessor from liability for injuries suffered by the lessee as he was descending a stairway which was not part of the leased premises, but was a common accessory over which the lessor retained supervision and control.
The lessee, a resident of the apartment building, instituted this suit after he allegedly slipped and fell on a wet, steep metal stairway causing injury to his right knee. The lessor and its insurer denied liability and later filed a motion for summary judgment citing a provision in the lease agreement which absolved the lessor of responsibility for any injury or damage sustained by the lessee anywhere on the apartment grounds.[1]
In opposition to the motion, the lessee asserted that the old and deteriorated stairway constituted a vice or defect in the leased premises and that the lessor had notice of the stairway's defective condition but failed to remedy it.
The district court, relying on Ensminger v. Great Atlantic & Pacific Tea Co., 134 So.2d 686 (La.App. 2d Cir.1961), held the lessee had no right of action against the lessor based upon the disclaimer language contained in the lease agreement.
Absent a contractual provision to the contrary, a lessor guarantees his lessee against all vices and defects of the thing leased. LSA-C.C. Art. 2695. Nevertheless, a lessee may contractually absolve a lessor from responsibility for the condition of the leased premises pursuant to LSA-R.S. 9:3221, which provides:
The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time. (Emphasis added)
Although the lessor's warranty under Art. 2695 can be disclaimed under R.S. 9:3221, the disclaimer has no effect when the lessor knew or should have known of the defect but failed to remedy it within a reasonable time. Tassin v. Slidell Mini-Storage, Inc., 396 So.2d 1261 (La.1981); Pylate v. Inabnet, 458 So.2d 1378 (La.App. 2d Cir.1984); Slaughter v. Coleman, 490 So.2d 570 (La.App. 4th Cir.1986); Great Am. Surplus Lines Ins. Co. v. Bass, 486 So.2d 789 (La.App. 1st Cir.1986), writ denied, 489 So.2d 245 (La.1986).
However, R.S. 9:3221 does not apply to damages incurred by the lessee resulting from a defect in the property which is not part of the leased premises, and over which the lessee has no supervision or control. *1295 Standard Office Supply Co. v. Stonewall Investment Co., 267 So.2d 768 (La.App. 2d Cir.1972); Parrino v. Royal Insurance Company of America, 484 So.2d 282 (La. App. 3d Cir.1986); Peacock's, Inc. v. Shreveport Alarm Co., et al., 510 So.2d 387 (La.App. 2d Cir.1987). Here, the lessee slipped and fell on a stairway located outside his second floor apartment. Therefore, the allegedly defective property is not technically a part of the leased premises; however, it is a common accessory of the lessee's apartment.
Louisiana jurisprudence has consistently acknowledged the tenant's right to use and enjoy not only the premises but also the common accessories of the leased premises. When a common accessory is under the control of the lessor, the tenant can maintain an action for damages flowing from an injury caused by a defect in the accessory, notwithstanding his contractual assumption under R.S. 9:3221. Bates v. Blitz, 205 La. 536, 17 So.2d 816 (1944); Poss v. Brown, 73 So.2d 661 (La.App. 2d Cir.1954); Thiel v. Kern, 34 So.2d 296 (Orl. La.App.1948), cert. denied, 1948; Estes v. Aetna Casualty & Surety Co., 157 So. 395 (Orl.La.App.1934); Abbott & Barnes Credit Clothiers v. Crane Cloth. Co., 141 So.2d 916 (La.App. 4th Cir.1962). See also Joyner v. Aetna Casualty & Surety Co., 240 So.2d 545 (La.App. 2d Cir.1970); and Pollard v. Roberts, 306 So.2d 801 (La.App. 2d Cir.1975).
In Thiel v. Kern, supra, the court held a provision in a lease relieving the owners of an apartment building from responsibility to a tenant for injuries from defects of the leased premises did not relieve the owners from liability for injuries occurring on a stairway which was not part of the leased premises, but was a common accessory over which the owners necessarily retained control.
The lessor, relying on Ensminger v. Great Atlantic & Pacific Tea Co., supra, argues the exculpatory clause in the lease agreement limits his liability not only to accidents on the leased premises but also covers injuries occurring anywhere on the apartment grounds. The lessor's reliance on Ensminger, however, is misplaced. Although this court gave effect to a "hold harmless" provision in that case which involved a third party demand by a commercial lessee against the lessor for injuries to a third person arising out of the use of the leased premises, there was no allegation that the lessor had prior knowledge of a defect existing in the premises or a common accessory of the leased premises.
Assuming the exculpatory clause covers an injury occurring on the stairway, a genuine issue of material fact exists as to whether the lessor knew or should have known of the alleged defect. The lessee's affidavit filed in opposition to the motion for summary judgment states that the lessor was notified that the stairs needed repair but failed to repair them. If a lessor cannot relieve himself of liability for a defect in the leased premises of which he has knowledge, then he likewise cannot absolve himself of responsibility for a defect in a common accessory of the leased premises of which he has knowledge and over which he retains supervision and control.
Because the lessee has alleged the lessor knew or should have known of the defect, it is not necessary to decide at this time whether the clause relieving the lessor of liability for injuries sustained anywhere in the apartment building is ineffective as violating public policy regardless of knowledge on the part of the lessor.
Based on the allegations set forth in the lessee's petition, his affidavit in opposition to the motion for summary judgment, and the applicable law, a genuine issue of material fact exists as to whether the lessor knew or should have known of the alleged defect. Thus, the district court erred in granting the motion for summary judgment. The judgment is reversed and set aside, and the case is remanded for further proceedings. Costs of the appeal are assessed to the defendants-appellees.
REVERSED AND REMANDED.
NOTES
[1] The pertinent language of the lease provides:

Lessee agrees that Lessor shall not be liable for injury or damage to person or property of Lessee, his family, guests, employees or invitees, occurring in, on or about the leased premises, or occurring anywhere in, or on the apartment building in which the leased premises are located or in, or upon the grounds in which the apartment building is located, or in any other building or structure on said grounds, howsoever caused or arising, including negligence of Lessor, his agents or employees, and agrees to indemnify and hold Lessor harmless therefor.
Lessor will not be responsible for damage caused by leaks in the roof, by bursting pipes, by freezing or otherwise, or by any vices or defects of the leased property, or the consequences thereof, nor will Lessor be liable in damages for injury caused by any vices or defects of the leased property to Lessee or any tenant or occupant, or to anyone in the building or on the premises, except in case of positive neglect or failure to take action toward the remedying of such defects within reasonable time after having written notice from Lessee of such defects and the damage caused thereby. Should Lessee fail to so notify Lessor promptly, in writing, of any such defects, Lessee will become responsible for any damage or injury resulting to Lessor or other parties.