670 So.2d 457 (1996)
Alvia E. GONZALES, Plaintiff-Appellant,
v.
ACADIANA FAST FOODS, INC., et al., Defendants-Appellees.
No. 95-1011.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1996.
Robert W. Hallack, Baton Rouge, J. Clemille Simon, Lafayette, for Alvia E. Gonzales.
*458 Edward O. Taulbee, IV, Lafayette, for Acadiana Fast Foods, Inc. et al.
Miles A. Matt, Lafayette, for J. Minos Simon.
Before YELVERTON, WOODARD and AMY, JJ.
AMY, Judge.
This appeal arises from a personal injury suit in which plaintiff alleges to have slipped in a foreign substance on defendant's parking lot. The jury found that there was no foreign substance which caused plaintiff to fall. Accordingly, judgment was entered for defendant. For the following reasons, we affirm.

DISCUSSION OF THE RECORD
On January 31, 1991, plaintiff, Alvia Gonzales, went to defendant's place of business, Popeye's Fried Chicken, in New Iberia, Louisiana. After receiving her order, she exited the restaurant and proceeded to her vehicle. As she crossed the curb separating the drive-thru lane from the parking lot, her left foot allegedly slipped in a foreign, slippery substance. She allegedly fell to the ground injuring her left knee and right elbow. However, there were no witnesses. Subsequently, Mrs. Gonzales filed suit against defendant seeking recovery for her injuries under theories of both negligence and strict liability.
Prior to the trial, the trial court granted Popeye's Motion in Limine excluding all evidence relating to post-accident conditions and evaluations of its retail establishment. This court, under its supervisory jurisdiction, reversed the ruling of the trial court and ordered that the evidence be admitted. However, Mrs. Gonzales had already closed her case-in-chief. Therefore, the trial court re-opened Mrs. Gonzales' case after Popeye's finished its case, in order to allow her to present the evidence excluded by the defendant's Motion in Limine.
Also, prior to trial, the trial court denied Mrs. Gonzales' Motion in Limine seeking to exclude the testimony of Popeye's expert as it related to the exercise of reasonable care. She argued that such testimony should be excluded because of the lack of scientific, technical or other specialized knowledge as required for admissibility.
After hearing the evidence at trial, the jury found that there was no hazardous substance on Popeye's parking lot which caused Mrs. Gonzales to fall. Consequently, judgement was entered in favor of Popeye's.
Mrs. Gonzales appeals assigning the following as error: (1) The jury erred in finding that there was no hazardous substance on Popeye's parking lot which caused her to slip and fall; (2) The trial court erred in granting Popeye's Motion in Limine, thereby improperly influencing the jury in its evaluation of the case and making it virtually impossible for her to effectively present her case in a proper fashion as the law authorizes; (3) The trial court erred in denying her Motion in Limine to prohibit Popeye's expert from testifying on reasonable care since this expert lacked the requisite scientific, technical or other specialized knowledge as required for admissibility; and (4) The trial court erred by not properly instructing the jury as to the law applicable to this case.

ANALYSIS
HAZARDOUS SUBSTANCE
In order to recover against a merchant for negligence in a slip and fall case, the plaintiff must meet the burden of proof set forth in La.R.S. 9:2800.6, which provides in pertinent part:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the *459 condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
In order to recover against defendant under strict liability, the plaintiff must prove: (1) that the thing under defendant's control had a defect which posed an unreasonable risk of harm to others, and (2) that this defect caused plaintiff's injury. Loescher v. Parr, 324 So.2d 441 (La.1975).
Therefore, under either theory of recovery alleged by Mrs. Gonzales, she must prove that a condition existed which posed an unreasonable risk of harm, and that this condition caused her accident. The jury found that there was no hazardous substance which caused her to fall; therefore, she was not entitled to recovery under either negligence or strict liability. The conclusion reached by the jury is a factual finding. Thus, it is reviewed using the manifest error/clearly wrong standard of review. Rosell v. ESCO, 549 So.2d 840 (La.1989). A factual finding is not manifestly erroneous where there is a reasonable basis in the record for such conclusion. Id.
Mrs. Gonzales asserts that the jury committed manifest error by finding that there was no hazardous substance on Popeye's parking lot which caused her to fall. We disagree.
Mrs. Gonzales testified that she did not see what allegedly caused her to slip. Furthermore, she stated that she was watching where she was going, and in particular, that she looked where she was going to put her left foot and saw nothing unusual on the parking lot surface. She also testified that she crossed the curb to the left of the center of the parking lane. In fact, she said that she was close enough to the left side of the parking lane that she probably could have reached out with her hand and touched the vehicle parked to her left. She indicated that as she crossed the curb, her attention was drawn to the shifting of the chicken boxes in her arm.
Soon after the accident, Mrs. Gonzales' daughter, Tiffany Gonzales, went to Popeye's. She testified that she did not observe the condition of the parking space in which her mother fell, but that at the hospital, she noticed that her mother had grease in her hair. Also, Mrs. Gonzales' other daughter, Tonie Theriot, testified that she noticed oil in her mother's hair at the hospital. She testified that she went to the scene of the accident the next day and saw only water on the parking lot with a rainbow effect on top.
Mrs. Gonzales' expert in mechanical engineering in the field of statics, dynamics, safety and operations, Mr. Stephen Killingsworth, testified that the oil in her hair would have been the same substance in which she slipped because from an examination of the shoes that she was wearing on the day of the accident, he believed that she fell in the same area in which she slipped, with her head closer to the curb.
However, Mr. Soheil Pourmehr, an employee of Popeye's at the time of the accident, testified that after the accident, Mrs. Gonzales was positioned diagonally in the parking space with her feet closer to the curb. He further testified that to the best of his knowledge, she was closer to the yellow mark on the left side of the parking lane. He also stated that he looked at the parking area after Mrs. Gonzales left and saw nothing that would have made her fall. Mr. Pourmehr and his supervisor, Mrs. Charlene Calais, took pictures of the parking area after the accident happened. Mrs. Calais testified that she saw nothing on the left hand side of the lane which would have caused Mrs. Gonzales to fall. She further stated that she saw nothing of a hazardous nature and that there was no oil above the surface of the asphalt.
Mr. Johnny Romero, an employee of Popeye's, testified that he went there after the accident. He looked over the area where the accident occurred and saw a grease stain in the middle of the parking lane. He also stated that he saw no fresh oil or pool of a substance which would remain on one's hand.
A review of the photographs taken immediately after the accident indicates that there was no foreign substance on the left hand side of the parking lane. The only indication *460 of anything foreign on the surface of the parking lot which could have possibly caused Mrs. Gonzales to slip is an area of discoloration, which could be a pool of oil or grease or simply an oil or grease stain, in the center of the parking lane. This spot, according to one witness was maybe three feet from the curb.
After a thorough review of the record, we find that it was reasonable for the jury to conclude that Mrs. Gonzales stepped over the curb on the left hand side of the parking lane, falling with her feet closer to the curb and her head toward the center of the lane. It was also reasonable to conclude, based upon the photographs and testimony, that there was no hazardous substance in the area that Mrs. Gonzales allegedly slipped. Accordingly, we find no manifest error.
MOTIONS IN LIMINE
Mrs. Gonzales argues that the trial court erred in its ruling on Popeye's Motion in Limine, thereby improperly influencing the jury in its evaluation of the case and making it virtually impossible for her to effectively present her case in a proper fashion as the law authorizes.
La.Code Civ.P. art. 1632, which provides for the order of a trial, states in pertinent part, that:
The normal order of trial shall be as follows:
(1) The opening statements by the plaintiff and the defendant, in that order;
(2) The presentation of the evidence of the plaintiff and of the defendant, in that order;
(3) The presentation of the evidence of the plaintiff in rebuttal; and
(4) The argument of the plaintiff, of the defendant, and of the plaintiff in rebuttal, in that order.
This order may be varied by the court when circumstances so justify.
In the case sub judice, the trial court initially excluded evidence relating to Popeye's post-accident conduct. However, under its supervisory jurisdiction, this court ordered the trial court to admit the evidence. Mrs. Gonzales' case had already been closed; therefore, the trial court had to reopen her case after Popeye's had rested its case.
Mrs. Gonzales alleges that the mere fact that she was forced to present her case out of order improperly influenced the jury in its evaluation of the case; therefore, requiring reversal. This is a conclusory statement. She neither sets forth a factual basis for such conclusion, nor do we find any after a review of the record. The fact that the trial was conducted out of normal order cannot alone serve as a basis for reversal. To decide otherwise would render meaningless the provision of La.Code Civ.P. art. 1632 which states that the normal order of trial "may be varied by the court when circumstances so justify." Accordingly, we conclude that this argument lacks merit.
Mrs. Gonzales also asserts that the trial court erred in its ruling denying her Motion in Limine seeking to prohibit Popeye's expert from testifying as to reasonable care. In light of the law applicable to this case, and our disposition of the first assignment of error, which disposes of Mrs. Gonzales claims before arriving at the issue of reasonable care, we conclude that this argument is moot.

JURY INSTRUCTIONS
Mrs. Gonzales asserts that the trial court erred by not properly instructing the jury as to the law applicable in this case. In particular, she argues that it was error for the trial court to exclude the following requested jury charges: (1) A merchant's duty to exercise reasonable care extends outside to parking lots; (2) The law allows a presumption that the defendant was negligent once plaintiff proves the existence of a hazardous condition and that defendant had actual or constructive notice of such condition; (3) That a condition can be defective although no previous injury has been sustained as a result of that condition; (4) That plaintiff does not have to show the manner in which the defect caused her to fall, and that the mere possibility that the accident might have happened without the defect is not sufficient to defeat the causation element of plaintiff's case; and (5) For the trial court to read La.R.S. 9:2800.6 to the jury. At trial, Mrs. Gonzales objected to the trial court's refusal to incorporate these jury instructions.
*461 In Futrell v. Scott Truck and Tractor Co., 629 So.2d 449, 455 (La.App. 3 Cir.1993), writ denied, 94-0327 (La. 3/25/94), 635 So.2d 232, we discussed the law regarding adequate jury instructions: Adequate jury instructions are those which fairly and reasonably point up the issues and which provide correct principles of law for the jury to apply to those issues. The adequacy of jury instructions must be determined in light of the jury instructions as a whole. The trial court is under no obligation to give any specific jury instructions that may be submitted by either party; it must, however, correctly charge the jury. An appellate court must exercise great restraint before overturning a jury verdict on the suggestion that the instructions were prejudicial. (Citations omitted).
In the present case, the trial court explained to the jury that Mrs. Gonzales had the burden of proving that there was a condition on the parking lot which caused her to fall. With respect to causation, the court explained to the jury that if she probably would not have suffered the injury without the condition, then the causation element was satisfied. On the other hand if she would have suffered the injury regardless of the existence of the condition, then there was no causation. Once the above was proven, the court instructed that Popeye's could be held liable under either strict liability or negligence theories of recovery.
The court further explained that in order for Mrs. Gonzales to recover under strict liability, she needed to prove that the condition which caused her to fall created an unreasonable risk of harm to her. The court then defined unreasonable risk of harm to the jury.
The court then explained that in order to hold Popeye's liable under negligence, Mrs. Gonzales had to prove that the condition presented an unreasonable risk of harm to her, that the risk of harm was reasonably foreseeable, that Popeye's had either actual or constructive notice of the condition, and that Popeye's had failed to exercise reasonable care in maintaining its parking lot.
In light of the above instructions and the law applicable to this case, we conclude that the jury was adequately instructed.
The only law pointed out by Mrs. Gonzales of which the jury was not instructed was the requested charge which stated that once plaintiff proves the existence of a hazardous condition and that defendant had actual or constructive notice of such a condition, the law creates a presumption that defendant failed to exercise reasonable care and the burden shifts to defendant to exculpate itself. Oalmann v. K-Mart Corp., 630 So.2d 911 (La.App. 4 Cir.1993), writ denied, 94-0244 (La. 3/18/94), 634 So.2d 859. This requested instruction was omitted for good reason. It is based upon La.R.S. 9:2800.6 as it existed prior to the 1990 amendment. This statute was amended in 1990 and it became effective as amended in 1990. Since Mrs. Gonzales' accident occurred subsequent to the effective date, La.R.S. 9:2800.6 as amended in 1990 is applicable. As amended, the statute clearly provides that the plaintiff has the burden of proving that defendant failed to exercise reasonable care; therefore, this instruction was properly excluded.
Based upon the foregoing, we conclude that Mrs. Gonzales' fourth assignment of error is without merit.

DECREE
For the foregoing reasons, the judgment in favor of Popeye's is affirmed. Costs of this appeal are assessed against plaintiff-appellant, Alvia E. Gonzales.
AFFIRMED.