737 So.2d 878 (1999)
Wallace J. DORION
v.
ELEVEN ELEVEN BUILDING, a Louisiana Partnership et al.
No. 98-CA-3018.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1999.
*879 Wade Kee, New Orleans, Louisiana, Counsel for Plaintiff/Appellant.
James J. Kokemor, Berrigan, Litchfield, Schonekas & Mann, New Orleans, Louisiana, Counsel for Defendants/Appellees.
Court composed of Judge WILLIAM H. BYRNES, III, Judge MOON LANDRIEU, and Judge MICHAEL E. KIRBY.
BYRNES, Judge.
In this slip and fall case, Wallace J. Dorion appeals the dismissal of his action against Eleven Eleven Building, a Louisiana partnership in commendam ("Eleven Eleven Building"), Louis P. Wolfort, and Reliance Insurance Company on defendants' motion for summary judgment. We reverse and remand.
In his September 12, 1994 petition, plaintiff stated that he was employed by Dorion Advertising and Public Relations Agency, Inc., which occupied Suite 220 of 1111 South Jefferson Davis Parkway. The premises was owned by the defendant, Eleven Eleven Building. Plaintiff alleged that at approximately 11:00 a.m., he slipped and fell while he attempted to enter the lobby of the building. Plaintiff asserted that he suffered from the injury caused by the wet and slimy condition where he slipped and fell. Petitioner averred that the Eleven Eleven Building and its general partner, Louis P. Wolfort, were aware of the defective condition, and the defective condition caused his accident. Plaintiff asked for damages.
In December 1998, the defendants filed a third-party demand against Dorion Advertising and Public Relations Agency, Inc. ("Dorion Advertising"), which had leased the premises from the Eleven Eleven Building. Defendants attached a copy of a lease agreement between the Eleven Eleven Building and Dorion Advertising, in which the lessee agreed to indemnify the lessor. Defendants asked that Dorion Advertising assume the defense of the action or alternatively for indemnity or contribution, as well as for all costs.
On January 23, 1997 Dorion Advertising filed a reconventional demand against the defendants. Thereafter, in March 1998, the defendants filed an exception of prescription and claimed that the reconventional demand had prescribed.
Later, after a hearing on the defendants' motion for summary judgment, the trial court dismissed the action in its judgment of August 7, 1998. Plaintiff's appeal followed.
On appeal plaintiff contends that the trial court erred in finding that there was no issue of material fact as to the defendants' knowledge of the defect. Plaintiff also claims that the lease did not include the area in which the plaintiff was injured, i.e., an adjacent parking garage, *880 and therefore, the contractual provision attempting to absolve the defendants of liability does not apply.
Appellate courts review summary judgments de novo; an appellate court asks the same questions as does the trial court in determining whether summary judgment is appropriate; whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Cantrell v. Pat O'Brien's Bar, Inc., 97-0545 (La.App. 4 Cir. 1/7/98); 705 So.2d 1205. Procedurally, the court's task on a motion for summary judgment is determining whether the moving party's supporting documents pleadings, depositions, answers to interrogatories, admissions and affidavitsare sufficient to resolve all material factual issues. La. C.C.P. art. 966(B). In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Daniel v. Blaine Kern Artists, Inc., 96-1348 (La.App. 4 Cir. 9/11/96), 681 So.2d 19, writ denied, 96-2463 (La.12/6/96), 684 So.2d 934.
La. C.C.P. art. 966, as amended by Act 483 of 1997, legislatively overruled the jurisprudential presumption against summary judgment. In Gibson v. Roberts, 97-0454 (La.App. 4 Cir. 10/15/97); 701 So.2d 501, 503, this court noted:
... the movant's burden does not require him to negate all essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966C(2).
As amended La. C.C.P. art. 966 favors summary judgments, and this rule should be applied retroactively. Short v. Giffin, 96-0361 (La.App. 4 Cir. 8/21/96); 682 So.2d 249.
La. R.S. 9:3221 states:
The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
The above statute allowing the owner of the premises to shift responsibility for defects to the lessee relieves the owner-lessor of strict liability so that the owner-lessor is liable only for negligence, by eliminating liability except when the owner lessor knew or should have known of the defect. Chau v. Takee Outee Bourbon, Inc., 97-1166 (La.App. 4 Cir. 2/11/98), 707 So.2d 495.
To recover in negligence or strict liability, the plaintiff must prove that the thing under the defendant's control had a defect that posed an unreasonable risk of harm to others, and that this defect caused plaintiffs injuries. Gonzales v. Acadiana Fast Foods, Inc., 95-1011 (La.App. 3 Cir. 1/31/96); 670 So.2d 457, 458-459, writ denied, 96-0554 (La.4/19/96); 671 So.2d 920. If La. R.S. 9:3221 does not apply, the plaintiff may have an action based on strict liability where the issue of notice is irrelevant.
On a leased premises, common areas under the control of the landlord are not covered by La. R.S. 9:3221.
When the common accessory, such as a stairway, is under the control of a lessor, the lessee can maintain an action for damages flowing from the injury caused by the defect in the accessory, notwithstanding his contractual assumption of responsibility for defects in the leased premises. Ostrander v. Parkland Villa *881 Apartments, 511 So.2d 1293 (La.App. 2 Cir.1987).[1]
A tenant has a right to enjoy the use of the premises and common accessories of the leased premises, and when such are under the control of the owner or lessee, the tenant or third person can maintain an action against the owner for damages to the property flowing from an injury caused by the defect in such an accessory, notwithstanding his contractual assumption under the statute. Abbott & Barnes Credit Clothiers, Inc. v. Crane Clothing Co., 141 So.2d 916 (La.App. 4 Cir.1962).
A provision in the lease relieving owners of an apartment building from the responsibility to the tenant or any third person for injuries from defects of the leased premises did not relieve owners from liability for injury to the occupant of one of the apartments under the lease of her brother as a result of a fall on the stairway, regardless of whether she was considered as a tenant or a third party, where the stairway on which she fell was one used in common with all the occupants of the upper apartments, and the owners necessarily retained control of it. Thiel v. Kern, 34 So.2d 296 (La.App.1948).
In effect, the courts of this state have consistently treated common areas the same way that they treat non-leased premises, i.e., the landlord is not entitled to claim the exculpatory benefits of La. R.S. 9:3221. There is no contrary authority. The rationale for this conclusion is that no single individual tenant normally assumes exclusive responsibility for the care and maintenance of common areas.
In the present case the defendants' brief states that "the appellant alleges that he slipped and fell on water which accumulated during a rain storm, at the entrance to the leased premises." The defendants do not contend that the alleged accident occurred in a location other than an area that was available for the common use of all tenants, i.e., what would be known as a common area or a common accessory.
The plaintiff contends that the location was not part of the leased premises. In his petition, plaintiff alleged that he slipped and fell while he attempted to enter the lobby of the building. In his appellate brief, plaintiff avers that the leased premises do not include the area where the plaintiff was injured, i.e., the adjacent parking garage. Whether the accident location was not part of the leased premises or whether it should be considered a common area, the result is the same in that the statute does not apply.
Landlords are not entitled to claim the benefit of La. R.S. 9:3221 for common areas. In the present case the area where the alleged accident occurred is a common area under the lease as it is intended for the use of all tenants in the building. Because the statute does not apply to this common area, then strict liability may apply, making the issue of notice irrelevant.
*882 For purposes of this summary judgment review, it is not necessary that we interpret the language of the indemnity provision (the provision in the lease that the defendants contend relieves them of liability) because the statute does not apply to this situation regardless of the language of the lease. We never reach the issue of whether the lease contains provisions "whereby the lessee assumes responsibility for the condition of the premises" as called for in La. R.S. 9:3221.
As stated previously, if plaintiff is able to prove the existence of a hazardous condition, he may be able to recover from the defendants under a theory of strict liability. There is sufficient evidence to be found in the plaintiff's deposition to create a genuine issue of material fact as to the hazardous nature of the condition of the premises where the accident occurred. Therefore, it was error for the trial court to grant summary judgment at this stage of the proceedings.
Accordingly, the judgment of the trial court is reversed, and the defendants' motion for summary judgment is denied. The case is remanded for further proceedings.
REVERSED & REMANDED.
LANDRIEU, J., CONCURS IN THE RESULT.
NOTES
[1] In the analysis of Ensminger v. Great Atlantic & Pacific Tea Co., 134 So.2d 686 (La.App. 2 Cir.1961), by the Ostrander court, there is considerable discussion of whether the lessor had knowledge of a defect in a parking lot. The Ostrander court stated that: "there was no allegation that the lessor had prior knowledge of a defect existing in the premises or a common accessory of the leased premises." Id. at 1295.

The Ostrander court noted that the lessor contended that Ensminger v. Great Atlantic & Pacific Tea Co. stood for the proposition that La. R.S. 9:3221 would apply to accidents occurring in common areas because the accident in Ensminger occurred in a parking lot. However, there is no suggestion in Ensminger that the parking lot in question was a common area. From this court's reading of Ensminger, we infer that the premises in that case was occupied entirely by a single tenant, and the parking lot was implicitly for the exclusive use of that tenant. The Ensminger court stated at p. 691 that "It is not contended that a parking lot was not a part of the leased premises known by the street number 2724, Greenwood Road." Hallways, stairways, parking lots, lobbies, and elevators are not common areas per se. They are only common areas where they are available for the common use of multiple tenants, but where the entire premises is leased to one tenant, such areas are not common.