WINDHORST, J.
Appellant/plaintiff, Kim Faciane, appeals the trial court's September 25, 2017 grant of summary judgment in favor of appellees/defendants, Golden Key Division Limited Partnership, formerly known as Creekwood Golden Key Limited Partnership ("Golden Key"), Ohio Management, L.L.C. ("Ohio Management"), and Allied World Assurance Company (US), Inc. ("AWAC"), and dismissing Ms. Faciane's case with prejudice. For the reasons that follow, we reverse the trial court's September 25, 2017 summary judgment and remand for further proceedings.
Facts and Procedural History
Ms. Faciane resided at the Golden Key Apartments, apartment number 327, located at 4209 Division Street from November 9, 2013 until she moved out in May 2014. On March 16, 2016, Ms. Faciane filed suit against defendants/lessors, Golden Key (owner of the apartment complex) and Ohio Management (manager of the apartment complex) and Ohio Management's insurer, AWAC. Ms. Faciane argued that on April 14, 2015, while she was sleeping in her apartment, sheetrock fell from the apartment's ceiling due to a leak in the ceiling. In her petition, she claimed that "sheet rock fell from the apartment's ceiling, striking [her] on her left leg and body and causing her to slip down on floor thereby wetted by rain water [sic ] injuring her neck and back." Ms. Faciane contended that defendants were liable for allowing their apartments to remain in disrepair, failing to properly repair the ceiling after being informed that it was leaking, failing to properly maintain the *232 apartments and failing to institute proper inspection procedures to ensure repairs in her apartment were properly made.
On August 18, 2017, defendants, Golden Key and Ohio Management, filed a motion for summary judgment arguing that the lease agreement between defendants and Ms. Faciane contained a provision requiring Ms. Faciane to hold defendants harmless for any personal injury or property claims. Defendants claimed that pursuant to La. R.S. 9:3221, Ms. Faciane assumed responsibility for the condition of the premises, including the roof of the apartment, except in case of defendants' neglect or failure to take action to remedy such defect after lessee's written notification of the defect.[1] Defendants further argued that they were not informed of any defect with Ms. Faciane's ceiling/roof until after the alleged accident occurred. Defendants contended that because they did not have actual or constructive knowledge of the defect in the roof, as required under the terms of the lease, they were entitled to summary judgment because they could not be held liable for Ms. Faciane's damages.[2] On August 24, 2017, AWAC, as the insurer of Ohio Management, filed a motion to adopt the motion for summary judgment filed by Golden Key and Ohio Management.[3]
Ms. Faciane filed an opposition arguing that several genuine issues of material fact existed precluding summary judgment.[4] She argued that defendants admitted that there were at least two instances of prior notice of a hole in her apartment ceiling. Ms. Faciane contended that the only evidence of an alleged repair was her testimony that defendants only sprayed paint over the hole, not that defendants repaired the hole. She stated that after the initial attempted repair, she called the manager and told her that the ceiling had not been adequately fixed. Ms. Faciane further told the manager that the *233 technician sprayed the "popcorn substance on her furniture." Ms. Faciane claimed that there was no proof that defendants performed inspections and/or adequately inspected their premises. Moreover, she argued that there was evidence of prior notice of the defective condition. Ms. Faciane stated that defendants were liable for her damages under both negligence and strict liability theories. Therefore, she contended that defendants were not entitled to summary judgment.
On September 25, 2017, the trial court granted the motions for summary judgment in favor of defendants and against Ms. Faciane, dismissing her case with prejudice. This appeal followed.
Discussion
Appellate courts review the granting of a summary judgment de novo using the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Duncan v. U.S.A.A. Ins. Co., 06-363 (La. 11/29/06), 950 So.2d 544, 547. Summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A (3).
Generally, the owner or lessor of a building is liable for the condition of the leased premises. See La. C.C. arts. 2317, 2322, 2696, and 2697 ; Pillow v. Roymar Ltd. P'ship, 15-730 (La. App. 5 Cir. 06/30/16), 197 So.3d 348, 354, writ denied, 16-1465 (La. 11/15/16), 209 So.3d 780 ; Simon v. Hillensbeck, 12-87 (La. App. 4 Cir. 09/19/12), 100 So.3d 946, 951. Under La. C.C. art. 2696, the lessor warrants the lessee that the thing is suitable for the purpose for which it was leased and that it is free of vices or defects that prevent its use for that purpose. This warranty also extends to vices or defects that arise after the delivery of the thing and are not attributable to the fault of the lessee. La. C.C. art. 2697 provides that this warranty also encompasses vices or defects that are not known to the lessor.
Under La. C.C. art. 2699, the warranties owed by a lessor, as provided in La. C.C. arts. 2696 and 2697, may be waived, but only by clear and unambiguous language that is brought to the attention of the lessee. Nevertheless, a waiver of warranty is ineffective: (1) to the extent it pertains to vices or defects of which the lessee did not know and the lessor knew or should have known; (2) to the extent it is contrary to the provisions of article 2004; or (3) in a residential or consumer lease, to the extent it purports to waive the warranty for vices or defects that seriously affect health or safety. (Emphasis added). La. C.C. art. 2699. Therefore, "to the extent that a waiver purports to encompass those vices or defects that seriously affect health or safety, the waiver is ineffective." Shubert v. Tonti Dev. Corp., 09-348 (La. App. 5 Cir. 12/29/09), 30 So.3d 977, 985-986.
However, the lessee may contractually assume responsibility for the condition of the premises in a lease contract. La. R.S. 9:3221 ; Pillow, 197 So.3d at 354. La. R.S. 9:3221 provides:
Notwithstanding the provisions of Louisiana Civil Code Article 2699, the owner of the premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
La. R.S. 9:3221 relieves the owner or lessor of strict liability under *234 La. C.C. arts. 2317,[5] 2322,[6] 2696, and 2697 ;[7] and thus, the owner or lessor is liable only for negligence. Chau v. Takee Outee of Bourbon, Inc., 97-1166 (La. App. 4 Cir. 02/11/98), 707 So.2d 495, 498.
Nevertheless, a lessor is not entitled to claim the exculpatory benefits of La. R.S. 9:3221 for defects in common areas or common accessories, such as stairwells. See Shubert v. Tonti Dev. Corp., 09-348 (La. App. 5 Cir. 12/29/09), 30 So.3d 977, 986 ;[8] Dorion v. Eleven Eleven Bldg., 98-3018 (La. App. 4 Cir. 05/12/99), 737 So.2d 878, 880-881.[9] The rationale for this conclusion is that no single, individual lessee normally assumes exclusive responsibility for the care and maintenance of common areas or common accessories. Shubert, 30 So.3d at 986 ; Dorion, 737 So.2d at 881. Therefore, a lessee may maintain an action for damages flowing from an injury caused by a defect in a common area or common accessory, notwithstanding his contractual assumption of responsibility for defects in the leased premises. Dorion, 737 So.2d at 880-881 ; Ostrander v. Parkland Villa Apartments, 511 So.2d 1293, 1295 (La. App. 2 Cir. 1987).
On appeal, Ms. Faciane contends that the trial court erred in granting summary judgment in favor of defendants and dismissing her case with prejudice. She argues that 1) defendants had actual and constructive notice of the defect in their premises; 2) defendants are strictly liable to her for the defect to their building pursuant to La. C.C. art. 2322 ; and 3) her own affidavit is not contrary to her deposition. Ms. Faciane contends that genuine issues of material fact exist to preclude summary judgment.
In this case, Ms. Faciane allegedly suffered injuries caused by a leak in the ceiling of her apartment. Although a tenant may notice a leak on the interior of his or her apartment's ceiling, a tenant is not likely, nor reasonably expected, to inspect or have knowledge of leaks or holes on the exterior roof of the apartment complex. Nor do we find that a tenant would have sufficient expertise or knowledge of the history of the roof, i.e. , prior damage or repairs, to assume responsibility for the roof of the apartment complex. There is no doubt that Ms. Faciane's ceiling is part of *235 a solid, shared roof covering the entire apartment complex, shared by multiple tenants, and is a common accessory not subject to waiver under La. R.S. 9:3221.
Therefore, the law controlling the lessor-lessee relationship applies in this case.[10] Under La. C.C. art. 2696, a lessor warrants the thing suitable for use for its intended purpose. In a residential lease, a lessee cannot waive the warranty for vices or defects that seriously affect health or safety. La. C.C. art. 2699. We find that a waiver of a defect in a solid, shared roof covering an entire apartment complex that results in damages to a tenant/lessee clearly affects health and safety, and is therefore not enforceable.
Upon our de novo review of the record, we find that the trial court erred in granting defendants' motions for summary judgment and dismissing Ms. Faciane's claims. Under the general code articles controlling the lessor-lessee relationship, Ms. Faciane has a viable claim of strict liability under La. C.C. arts. 2696 and/or 2697, since her injuries resulted from an alleged defect in a common accessory of the apartment complex, i.e. , the solid, shared roof, and her claim is not affected by the contractual waiver signed pursuant to La. R.S. 9:3221. Ms. Faciane does not need to prove notice and therefore, summary judgment is not appropriate.[11] See Barnes v. Riverwood Apartments Partnership, 38,331 (La. App. 2 Cir. 04/07/04), 870 So.2d 490.
Conclusion
For the reasons stated above, we reverse the trial court's September 25, 2017 judgment and remand for further proceedings.
REVERSED AND REMANDED

The apartment lease contains the following provision:
Lessee assumes responsibility for the condition of the premises. Lessor will not be responsible for damage caused by leaks in the roof, by bursting of pipes by freezing, fire, theft, flooding, smoke damage, vandalism, water escape from toilets or water heaters, or otherwise, or any vices or defects of the leased property, or the consequences thereof, except in case of positive neglect or failure to take action toward the remedying of such defects and the damage caused thereby.
* * *
In accordance with the provisions of Louisiana Revised Statutes 9:3221, the lessee does hereby agree and stipulate that he will assume responsibility for the condition of the leased premises including defects in common areas, adjacent premises or the roof. By this stipulation, the landlord and lessee agree that the landlord shall not be liable for [sic] injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee.

In support of their motion for summary judgment, defendants filed the affidavit of Naomi Regan, complaint/report entries entered for appellant's apartment, invoices from Odenwald (roofer), the affidavit of Jaime Dheming, excerpts from Ms. Faciane's deposition, and the apartment lease to show that they did not have actual or constructive notice of the alleged defect until after the accident.

Ms. Faciane objected to hearing AWAC's motion for summary judgment because it was untimely. However, the trial court allowed AWAC's motion to be heard on the same date as Golden Key and Ohio Management's motion because AWAC only adopted the arguments and exhibits of the other defendants and did not put forth any additional evidence.

In support of her opposition to the motion, Ms. Faciane attached her own affidavit and photographs attesting that appellees had prior notice of the alleged defect and did not adequately repair the prior defect.

Prior to the 1996 tort reform legislation, La. C.C. art. 2317 provided for strict liability in a broader context, i.e. , an owner or custodian of a thing was strictly liable for damages occasioned by that thing. Barnes v. Riverwood Apts. P'ship, 38,331 (La. App. 2 Cir. 04/07/04), 870 So.2d 490,493. The 1996 legislation enacted La. C.C. art. 2317.1 which added a notice or knowledge component to La. C.C. art. 2317 effectively changing liability in this area from strict liability to negligence. Acts 1996, 1st Ex. Sess., No. 1, § 1, effective April 16, 1996.

Similar to La. C.C. art. 2317, prior to the 1996 tort reform legislation, La. C.C. art. 2322 provided for strict liability in a general context, i.e. , an owner of a building was strictly liable for damages occasioned by its ruin, when this was caused by neglect to repair it, or when it was the result of a vice in its original construction. The 1996 legislation modified the article to provide for a notice or knowledge component to La. C.C. art. 2322 effectively changing liability from strict liability to negligence. Acts 1996, 1st Ex. Sess., No. 1, § 1, effective April 16, 1996.

Former La. C.C. art. 2695 was revised and its principles codified in La. C.C. arts. 2696 and 2697.

In Shubert, this Court found that "insofar as the clause purports to waive liability for defects in common areas or common accessories, it is inapplicable. Landlords are not entitled to claim the exculpatory benefits of La. R.S. 9:3221 for such areas." Shubert, 30 So.3d at 986.

In Dorion, the court found that a "landlord is not entitled to the exculpatory benefits of La. R.S. 9:3221" for defects to common areas. Dorion, 737 So.2d at 881.

Some courts have indicated that, as to common areas, the general premise liability law applies because common areas, such as pool areas, parking garages, or stairwells that are outdoors, are not part of the "leased premises" itself. See Dorion, 737 So.2d at 881 (in which the court stated, "In effect, the courts of this state have consistently treated common areas the same way that they treat non-leased premises, i.e. , the landlord is not entitled to claim the exculpatory benefits of La. R.S. 9:3221."). In the present case, however, the alleged defect is a shared roof which damaged the ceiling in appellant's apartment. Therefore, we find that the roof and the ceiling of appellant's apartment are obviously part of the "leased premises," but since the roof is shared by all tenants, it is a common accessory for which one tenant cannot and would not assume exclusive responsibility.

Nevertheless, upon de novo review, Ms. Faciane's affidavit in opposition to defendants' motions for summary judgment arguably creates a genuine issue of material fact if notice was required , which we are not concluding it is, and therefore, summary judgment would still be inappropriate.