MARVIN RANDALL DYE

VERSUS

LLOG EXPLORATION COMPANY, LLC

NO. 20-C-441

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 784-467, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING

November 03, 2021

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and John J. Molaison, Jr.

**AFFIRMED**
 **SJW**
 **FHW**
 **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
MARVIN RANDALL DYE
    M. Paul Skrabanek

COUNSEL FOR DEFENDANT/RELATOR,
LLOG EXPLORATION COMPANY, LLC
    Daniel B. Stanton
    Amanda Lowe

COUNSEL FOR DEFENDANT/RESPONDENT,
DANOS, LLC
    Michael H. Bagot, Jr.
    Beauregard G. Gelpi

COUNSEL FOR DEFENDANT/RESPONDENT,
LINEAR CONTROLS, INC.
    Thomas K. Morrison
    Colin B. Cambre

**WINDHORST, J.**

In this personal injury action involving injury to an independent contractor's employee, defendant, LLOG Exploration Company, LLC ("LLOG"), seeks review of the trial court's judgment denying its motion for summary judgment. For the reasons which follow, we find no error in the trial court's ruling.

**FACTUAL and PROCEDURAL BACKGROUND**

Plaintiff, Marvin Randall Dye, alleges that he was injured while working aboard LLOG's WHO DAT oil and gas production platform off the coast of Louisiana. Plaintiff's injuries were allegedly sustained when a carbon dioxide fire suppression system unexpectedly discharged inside of a building in which he was working and forced him to evacuate the building. At the time of his accident, plaintiff worked aboard the Platform as a mechanic employed by Wood Group PSN, Inc. ("Wood Group").

Defendant, LLOG, filed a motion for summary judgment, asserting that it is entitled to summary judgment dismissing it from this lawsuit because as the property owner, it cannot be held liable for the alleged acts or omissions of its independent contractors that caused plaintiff's injuries.

In support of its motion for summary judgment, LLOG attached:

1. five depositions
2. plaintiff's original petition for damages, and
3. three master service contracts between LLOG and its independent contractor, including plaintiff's employer, the Wood Group.

Plaintiff attached to his memorandum in opposition:

1. three depositions
2. LLOG work permits
3. LLOG incident report
4. LLOG Master Service Agreement with Wood Group
5. fire-eye manual excerpts
6. LLOG visitor orientation checklist
7. LLOG safe work practices quiz, and
8. LLOG field operations and safe work practice guide.

In denying the motion for summary judgment, the trial court stated that it found that several issues of material fact remain. Specifically, the trial court found that genuine issues exist as to whether the defendant exercised control over the work, the detail of the work performed by the plaintiff and other independent contractors, and the extent, if any, that LLOG was responsible for the negligence relative to the incident. The trial court also concluded that the Master Service Agreement which existed between LLOG and Wood Group creates several genuine issues of material fact, including the nature of the work and the control over the work as set forth in Sections 2.1 and 3.1 of the contract.

**LAW and ANALYSIS**

Summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3). The party bringing the motion bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim. La. C.C.P. art. 966 D(1). In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. B & P Rest. Grp., LLC v. Delta Admin. Servs., LLC, 18-442 (La. App. 5 Cir. 9/4/19), 279 So.3d 492, 501, writ denied sub nom. B&P Rest. Grp., LLC v. Delta Admin. Servs., LLC, 19-1755 (La. 1/14/20), 291 So.3d 685.

Appellate review of trial court rulings on summary judgment is *de novo*, using the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Faciane v. Golden Key Div. Ltd. P'ship, 17-636 (La. App. 5 Cir. 5/23/18), 249 So.3d 230, 233.

2

La. C.C.P. art. 966 A(4) limits evidence which may be considered by the trial court on consideration of a motion for summary judgment. Because review of trial court rulings on summary judgment is *de novo*, the same limitations mandated by La. C.C.P. art. 966 A(4) on evidence admissible at the hearing on the motion for summary judgment apply on review by courts of appeal. La. C.C.P. art. 966 A(4) provides the ***exclusive*** list of documents which may be considered by the trial or reviewing courts:

> A. (4) The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions.

Act 422 of the 2015 ordinary session of the legislature enacted La. C.C.P. art. 966 A(4), which was effective January 1, 2016. The Louisiana Law Institute's revision comment (c) states:

> Subparagraph A(4), which is new, contains the exclusive list of documents that may be filed in support of or in opposition to a motion for summary judgment. This Subparagraph **intentionally** does not allow the filing of documents that are not included in its exclusive list, such as photographs, pictures, video images, or contracts, **unless they are properly authenticated by an affidavit or deposition to which they are attached**. [Emphasis added.]

Although the comments do not constitute any part of La. C.C.P. art. 966 and are not authoritative, they are persuasive. This comment has been cited by <u>Dorsey v. Purvis Contracting Grp., LLC</u>, 17-369 (La. App. 5 Cir. 12/27/17), 236 So.3d 737, 741, <u>writ denied</u>, 18-0199 (La. 3/23/18), 239 So.3d 296; and <u>Raborn v. Albea</u>, 16-1468 (La. App. 1 Cir. 5/11/17), 221 So.3d 104, 111. Thus, the introduction of documents which are not included in the exclusive list, such as photographs, pictures, video images, or contracts, is not permitted unless they are properly authenticated by an affidavit or the deposition to which they are attached.

Appellate courts, on *de novo* review, may only consider evidence admissible under the express provisions of La. C.C.P. art. 966 D(2), which states that at the hearing on a motion for summary judgment, as follows:

> D. (2) The court may consider **only those documents filed in support of or in opposition to the motion for summary judgment** and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider. [Emphasis added.]

LLOG asserts that only the three depositions (#1 on the list of plaintiff's exhibits above) are admissible. Prior to the summary judgment hearing, LLOG properly and timely raised a written objection to plaintiff's remaining exhibits (#2-8 of plaintiff's list above) in compliance with La. C.C.P. art. 966 D(2). LLOG contends that plaintiff's remaining exhibits (#2–8 of plaintiff's list above) may not be considered as evidence because they are not admissible summary judgment evidence under La. C.C.P. art. 966 A(4) and cannot be considered. Nor are the exhibits in #2–8 in the list of plaintiff's exhibits authenticated by an affidavit or a deposition to which they are attached.

At the summary judgment hearing, plaintiff argued that these exhibits were admissible because they were discussed in depositions that were attached to his opposition and were authenticated in those depositions. In response, LLOG asserts that the exhibits upon which plaintiff relies were not discussed in or attached to any of the depositions cited by plaintiff.

We have consistently held that exhibits, filed as unsworn and unauthenticated attachments to an opposition to a motion for summary judgment, are not permissible supporting documents in opposition to the motion for summary judgment. Thibodeaux v. Allstate Ins. Co., 19-458 (La. App. 5 Cir. 3/20/20), 293 So.3d 797,

4

803, writ denied sub nom. Thibodeaux v. Allstate Ins. Co., 20-515 (La. 6/22/20), 297 So.3d 762; Dorsey, *supra*; Raborn, *supra*. However, if those exhibits are attached to and authenticated by a deposition offered in support or opposition to the motion for summary judgment, they constitute evidence which may be considered under La. C.C.P. art. 966A(4) and D(2).

Although some witnesses were questioned regarding the exhibits during their depositions, the present writ application does not show that the exhibits were attached to those depositions. In addition, some deposition transcripts reflect that there were exhibits to the deposition, but those exhibits are not included in the writ application, even though the deposition transcripts are attached as exhibits to LLOG's motion for summary judgment.[1]

Considering the foregoing, we cannot find that the exhibits constitute permissible supporting evidence in opposition to the motion for summary judgment and we cannot properly consider those exhibits. One of the exhibits LLOG argues is not admissible, the Master Service Agreement with Wood Group, is also attached to its summary judgment motion. LLOG has this Agreement as well as two others attached as exhibits to its motion for summary judgment. Because the Agreement is not authenticated by an affidavit or deposition to which it is attached, it is not proper summary judgment evidence. Thus, we cannot consider it. In the absence of certain language in the Agreement pertaining to the issue of LLOG's potential liability in this matter, this court cannot resolve the issues in this case on summary judgment.

As stated above, we agree with relator's contention that certain exhibits attached to plaintiff's opposition are inadmissible. Nevertheless, considering only the exhibits properly admissible for summary judgment, upon our *de novo* review

---

[1] For example, the deposition of plaintiff Marvin Randall Dye contains an exhibit **index** identifying quizzes, permits to work, and an incident report as exhibits, but these are not attached to the deposition.

5

we find the remaining evidence is sufficient to create a factual dispute as to whether LLOG has any liability for plaintiff's injuries.

The testimony from depositions attached to the summary judgment pleadings raises genuine issues of material fact regarding whether LLOG exercised control over the work performed by its independent contractors and the circumstances which caused the plaintiff's accident. According to deposition testimony of Gene Lord and Clayton Halford, the Contractor's employees received the LLOG policies and procedures manual, were asked to read through it and to sign off on it. Employees took a quiz on the manual to ensure that they had read it. Employees also stated that these policies and procedures were comprehensive and detailed.

**DECREE**

For the foregoing reasons, upon *de novo* review, we find no error in the trial court's denial of LLOG's motion for summary judgment.

**<u>AFFIRMED</u>**

6

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 3, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-C-441

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. ADRIAN ADAMS (DISTRICT JUDGE)
DANIEL B. STANTON (RELATOR)

### MAILED
COLIN B. CAMBRE (RESPONDENT)
THOMAS K. MORRISON (RESPONDENT)
ATTORNEYS AT LAW
365 CANAL STREET
SUITE 2000
NEW ORLEANS, LA 70130

BEAUREGARD G. GELPI (RESPONDENT)
MICHAEL H. BAGOT, JR. (RESPONDENT)
ATTORNEYS AT LAW
601 POYDRAS STREET
SUITE 1660
NEW ORLEANS, LA 70130

M. PAUL SKRABANEK  (RESPONDENT)
ATTORNEY AT LAW
3701 KIRBY DRIVE, SUITE 760
HOUSTON, TX 77096

AMANDA LOWE (RELATOR)
ATTORNEY AT LAW
KEAN MILLER LLP
FIRST BANK AND TRUST TOWER
909 POYDRAS STREET
SUITE 3600
NEW ORLEANS, LA 70112